*115 OPINION of the court, by
Ch. J. Boyle.
This was an action of assumpsit, in which the plaintiff declared “ that the defendants, on the 12th day of February 1811, at, See. being indebted to the plaintiff in the sum of one hundred and eighteen dollars, in consideration .thereof promised to pay to the plaintiff one hundred and eighteen dollars in good merchantable blue-ash plank, to be delivered at the steam mill at two dollars the hundred feet, on pr before the 28th of May then next *116 thereafter,” &c. The defendants having made default, judgment upon a'writ of inquiry was given for the plaintiff, to which this writ of error is prosecuted.
The only question is, whether there is a sufficient consideration alleged in the declaration ?
There is no principle of the common law better settled, than that a promise to be binding must he made upon a legal and valid consideration ; and without such consideration no action will lie. The consideration, therefore, being essential to the right to maintain an action upon a promise, most be alleged, unless it be in a case where the promise is evidenced by a writing which imports a consideration.
It has been repeatedly held that to allege that the defendant being indebted in a given sunn, in consideration thereof promised to pay, &c. is not sufficient without alleging the cause or consideration upon which the debt was founded — 10 Co. Rep. 77 — Cro. James 207, 214, 642 — Cro. Car. 6, 31.
But it is contended that there is a distinction between a general indebitatus assumpsit, where the promise is to pay the debt, and a special assumpsit, where the promise is to pay or do something else in consideration of the debt ; and that although it be ' necessary to allege how the debt became due in the former case, it is not necessary to do so in thelatter. No case, however, was cited, nor have we been able to find any one in which such a mode of declaring upon a special promise in consideration of a previous debt, has been decided to be sufficient. The true distinction seems to be between a case where the debt is alleged as the consideration of jhe promise, and a case where some other matter, as forbearance of the debt or the like, is laid as the consideration of the promise. In the former, the debt being the immediate consideration, is the git of the action, and therefore it is necessary to allege how the debt became due, as well to shew that it was not a debt by record or specialty, iii which case an assumpsit would not lie, as to shew that it was binding upon the part}7, and therefore a good and valid consideration for the promise. But in the latter case, as the debt is not the immediate consideration, but only an inducement to that which is the consideration, it is not the git of the action, and need not, therefore, be so certainly and precisely alleged. This *117 distinction is laid down by Commyns in his Digest, - J . .. . vol. 1, p. 217, and seems to be well warranted by the authorities there cited.
We are <herefore of opinion that the consideration laid in the declaration in the present case is not sufficient.
Judgment reversed with costs, cause to be remanded and the plaintiff in the court below to have leave to amend his declaration.