## GOLDSBY *v.* ROBERTSON.

To authorize a judgment for the plaintiff, a special verdict must contain all the facts essential to his recovery.

A special verdict finding—that the defendant promised to pay the plaintiff 72 dollars, for work and labour done by the plaintiff, the same work that is mentioned in the declaration—is not sufficient to authorize a judgment for the plaintiff.

A promise founded on a *past* consideration will not support an action, unless the defendant, previously to the promise, be under a legal or moral obligation to pay.

ERROR to the *Washington* Circuit Court.—Indebitatus assumpsit by *Robertson* against *Goldsby* for work and labour. Plea, the general issue. Special verdict, and judgment for the plaintiff below.

*Friday,
May 9.*

SCOTT, J.—The judgment, in this case, was rendered on a special verdict in these words: "We of the jury find that the defendant did promise to pay the plaintiff 72 dollars, for work and labour done by the plaintiff, or on an improvement; and which is the same labour mentioned in the plaintiff's declaration. Now if the law be for the plaintiff, we find for him 72 dollars in damages. If the law be for the defendant, we find for the defendant."

The design of a special verdict is, to exhibit the facts of the case in such a manner that the Court can decide according to law, and relieve the jury from the necessity of deciding legal questions, on which they may have doubts. To justify the Court in rendering a judgment for the plaintiff on a special verdict, the verdict must exhibit all the facts which it was necessary for the plaintiff to prove in order to recover. To entitle the plaintiff to recover on a count for work and labour, he must prove

not only the performance of the labour, but also that it was done at the request of the defendant and for his benefit. The verdict in this case is clearly defective. It states that the work was done by the plaintiff, or on an improvement; but does not state that it was done for the defendant, or for any other person; or that it was done at the defendant's request. It shows no circumstance from which the Court could presume that the defendant was under any obligation, either moral or legal, to make the promise; or that, previously to the promise, he was bound, in conscience or in law, to pay for the labour (1). For aught that appears by the verdict, it might have been a mere nudum pactum; or it might have been a promise to pay the debt of a third person: in neither of which cases would an action lie. In the argument, some reliance was placed on that part of the verdict which states, that it was the same labour mentioned in the plaintiff's declaration. We think this gives no aid to the case. The labour might be the same, and yet the inducements to perform it, the person benefited by it, the design, and the circumstances connected with its performance, might be very different. The finding of a special verdict by the jury, is a circumstance which, alone, affords strong ground to presume that some material allegations in the declaration were unsupported by evidence.

Some other points were made in this case, but it is unnecessary now to notice them. The judgment must be reversed.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded for further proceedings.

*Ross* and *Nelson*, for the plaintiff.

*Dewey*, for the defendant.

(1) Vide *Boston* v. *Dodge*, ante, p. 19, and note.