Parker C. J.
delivered the opinion of the Court. By the record it appears, that the judgment of the Court of Common Pleas could not have been appealed from, the damages demanded being not more than 100 dollars ; and so the writ of error cannot be dismissed on that ground. That the court rendered judgment for more than the ad damnum, did not entitle the defendant to appeal therefrom, for it was erroneous ; unless a remittitur entered at the next term after judgment, in the Court of Common Pleas, cured it. And we think it did, for it seems a remittitur may be entered, as well after judgment as before, by the court where the record is by the law supposed to remain; as appears by the case of Hutchinson v Crossen, 10 Mass. R. 252; 1 Sellon’s Pract. 481. In 6 *516 Dane’s Abr. p. 279, § 2, is cited a case in Essex, June term 1796, where on error brought because the damages exceeded the ad damnum, the plaintiff was allowed, by way of amendment, to release the excess. And in Pickwood v. Wright, 1 H. Bl. 642, it was expressly decided, that a remittitur might be entered after judgment and after error brought.* [1]
The first count is very clearly bad, in not showing any consideration for the promise declared on.[2] Authorities have been cited to show that no consideration need be averred, but the cases cited are all of bills of exchange or promissory notes, which may be thought to import a consideration. The declaration in this case is only, that the defendants promised the plaintiffs to pay them, or their order, one hundred and seven dollars and thirty-two cents. Whether it was a written or verbal promise does not appear, and the Court cannot intend it to be a promissory note. This no doubt was a mere clerical mistake, which might have been amended at the Court of Common Pleas; but standing as it does, and this Court having no power to amend it,[1] the judgment must be reversed for this error.
It certainly is questionable, whether if the promise had been declared to be by a promissory note, and no value re ceived were averred, the count would be good, notwithstanding the passage cited from Bayley ;[2] which does not appear to be supported by the case referred to in the margin, and a contrary inference is to be drawn from the case cited from 2 Bos. & Pul. 79. The doctrine of that case is, that in all declarations on simple contracts, a consideration must be *517 averred. The case of a hill of exchange may be an exceptian, that being treated rather as a specialty, which imports a consideration in itself. And we do not find in any of the cases cited, that it is clearly laid down, that counts in assumpsit on simple contracts are good without an averment of consideration.

April 2d.

After the foregoing opinion was delivered, it was suggested, that for the error therein maintained the judgment could be reversed in part only; and the Court afterwards considered the remaining error.
Parker C. J.
As to the second count, the error assigned is, that no promise is alleged, nor any cause of action shown, against the parties sued. They were attached by the names of Joseph and Phineas, and the count avers that “ the said John and Phineas” made the promise. This is undoubtedly bad ; and the only question is, whether for this cause judgment shall be reversed. It is not like any of the cases which are cured by a verdict, for among all which were cited to that point, we do not find one which goes beyond the curing of a misnomer. This is not a misnomer, for the defendants were attached by their true names ; the defect is in the declaration, it not showing any cause of action against the parties sued. If the defendants bad appeared and pleaded, talcing no advantage of this mistake, we will not say that they should be allowed afterwards to avail themselves of it on error; but here was a default, and nothing can be presumed but what appears in the declaration.
Judgment reversed.

 See Herbert v. Hardenbergh, 5 Halsted, 222, and the cases there commented on; Davenport v. Bradley, 4 Connect. R. 309; Coster v. Phenix, 7 Cowen, 524.

 See 1 Chitty’s Pl. (6th Amer. ed.) 321, 322; Douglass v. Davie, 2 M'Cord, 218; Burnet v. Bisco, 4 Johns. R 235; Beauchamp v. Bosworth, 3 Bibb, 115; Moseley v. Jones, 5 Munf. 23; Curley v. Dean, 4 Connect. R 265.

 See Hutchinson v. Crossen, 10 Mass. R (Rand's ed.) 253, n. (b).

 But it is held in New York, that a promissory note imports a consideration, and it is unnecessary to state any in the pleading, or to prove any upon the trial in the first instance. Bank of Troy v. Topping, 13 Wendell, 557 See also Bayley on Bills, (Phil, and Sewall’s 2d ed.) 33, 433, 434; Horn v. Fuller, 6 N. Hamp. R. 511.