## MAURY v. OLIVE.

1. Though in a common count in assumpsit, it is not necessary to state the particular goods sold, work done, &c.; yet the consideration of the in-debtedness must sufficiently appear to shew it to be a simple contract debt, and not matter of record or specialty.
2. Any general words by which this would appear, are sufficient.

In Franklin Circuit Court, J. W. Maury brought an action of assumpsit against Ira Olive. The declaration contained two counts. The first count alleged that, on, &c. at, &c. "the said defendant was justly indebted to the

said plaintiff in the sum of one hundred dollars, and being so indebted, he the said defendant, on the day and year last aforesaid, undertook and promised, &c." The second count averred, that "afterwards, to wit: on the day and year last above mentioned, and in the county aforesaid, the said defendant became indebted to the said plaintiff in the further sum of one hundred dollars, which he, the said defendant, then and there undertook and promised to pay the plaintiff, and for the payment of which he assigned to the plaintiff a receipt executed to one William Bruton, by a certain Peter Martin, for the collection of a note upon one John McAfee, for the sum of one hundred dollars; and the said plaintiff avers that the said Peter Martin has not as yet collected the said amount of one hundred dollars from the said John McAfee, but the same to collect he cannot, whereby, and by force of the assignment so made as aforesaid, the said defendant became indebted to the said plaintiff in the sum of one hundred dollars, and then and there undertook and promised, &c." To the declaration there was a general demurrer by the defendant, and by the Court, at April term, 1827, the demurrer was sustained, and judgment rendered for the defendant. This is assigned for error by Maury, the plaintiff.

JANUARY 1830

Maury<br>v.<br>Olive.

PETERS and McCLUNG, for the plaintiff in error.

W. B. MARTIN, contra, cited 1 Chitty's Pleading, 334-5-6-7. 13 East, 105, 116. Hardin's Reports, 225.

By JUDGE PERRY. The question presented for the consideration of this Court, is, does the declaration shew a good cause of action? We are of opinion it does not, because the plaintiff has not shewn in what respect the defendant is indebted, and although it would not be necessary in a declaration to state the particular work done, or goods sold; yet it should appear that it was not a debt of record, or specialty, but only a simple contract, and any general words by which that would appear, would be sufficient. The plaintiff, therefore, not having stated in his declaration, the consideration out of which the indebtedness of the defendant grew, the demurrer was properly sustained.[a]

a 1 Chitt. Pl.<br>337.

Judgment affirmed.

60