Nov. Term, 1840.

ROBINSON
v.
BARBOUR.

---

## ROBINSON *v.* BARBOUR.

If the declaration in a suit on a written contract not under seal, except in cases of bills of exchange, promissory notes, &c., do not set out a valid consideration for the promise, the defendant may demur, move in arrest of judgment, or support a writ of error.

*Monday, January 4, 1841.*

ERROR to the *Marion* Circuit Court.

SULLIVAN, J.—Assumpsit by *Barbour* against *Robinson*. The declaration contains three counts. The first count states that the defendant on, &c., by his certain instrument in writing assigned to the plaintiff the sum of 136 dollars, being part of a certain claim then in suit in the *Jennings* county Circuit Court against *A. W. Dunn*, and by said writing directed his attorneys to pay said amount to the plaintiff when it should be collected; and that defendant did further, by said instrument of writing, guaranty that the said sum of money should be collected within one year from the date thereof. The second count avers that the defendant, by his

certain instrument of writing, promised and guarantied that he would pay, or cause his attorneys or the clerk of the *Jennings* Circuit Court to pay, to the plaintiff the sum of 136 dollars within one year from the date thereof. The third count states that the defendant on, &c., by his certain instrument in writing, guarantied and undertook that *S.* and *B.*, his attorneys, or the clerk of the *Jennings* Circuit Court, should, within one year from the date of said writing, pay to the plaintiff the sum of 136 dollars out of the claim of said defendant against one *A. W. Dunn* then in suit in the *Jennings* Circuit Court, or, in default thereof, that he would pay the same himself. The defendant demurred to the first count, and pleaded the general issue to the second and third counts. The demurrer was overruled, and, by consent of parties, the Court assessed the damages on the first count, and tried the issues on the second and third. Judgment for the plaintiff.

The first count is defective in not showing a consideration for the defendant's promise. A valid consideration for the promise upon which a party is charged, is essential to a contract not under seal, and must exist although the contract be reduced to writing, otherwise the promise is void. Chitt. on Cont. 6; and in declaring upon such a contract, it is necessary to disclose a sufficient consideration, or the promise will appear to be *nudum pactum*, and the declaration will consequently be insufficient. 1 Chitt. Pl. 321. There are exceptions to this rule of pleading in the case of bills of exchange and promissory notes, and some other legal liabilities, but the exception does not apply to such a promise as is laid in the count under examination. *Ib.* As the count shows no consideration for the promise either of benefit to the defendant, or trouble or prejudice to the plaintiff, the demurrer to it should have been sustained. 3 Johns. R. 104.—4 *id.* 236, 280.—1 Saund. 211, note (2).—4 Blackf. 173.

The second and third counts are defective for the same reason, and the only question to be decided with regard to those counts is, whether the defect is fatal after verdict? We are of opinion that the defect is not cured by the verdict. A promise without a consideration is void, and no action will lie upon it. In *Rann et al.* v. *Hughes*, 7 T. R. 346, note (a), the declaration alleged that the defendant was liable as execu-

Nov. Term, 1840.

tor to pay the plaintiff the sum of 983*l.*, and being so liable he personally promised to pay the same. After verdict, the judgment was arrested, because no additional or sufficient consideration was shown for the enlarged responsibility of the defendant. In *Courtney* v. *Strong*, 1 Salk. 364, the judgment was arrested because there was no consideration for the promise laid in the declaration. So in the case of *Beauchamp et al.* v. *Bosworth*, 3 Bibb, 115, the judgment of the Circuit Court upon a writ of inquiry was reversed for the same defect. *Chitty*, in his Treatise on Pleading, p. 329, says, when no consideration is stated in the declaration, or when that which is stated is clearly insufficient or illegal, the defendant may either demur, or move in arrest of judgment, or support a writ of error.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. Fletcher* and *O. Butler*, for the plaintiff.

*P. Sweetser*, for the defendant.