## JONES v. POWELL.

1. In declaring on a contract, the declaration must show a binding agreement between the parties, and that it has been violated by the defendant.
2. If a valid contract is shown, and the promise of the plaintiff to do a particular thing, as the same is the inducement to the promise of the defendant, the plaintiff must aver a readiness to perform the contract on his part.

Error to the Circuit Court of Coosa. Before the Hon. George Goldthwaite.

ACTION of trespass on the case, by plaintiff, against defendant in error. The declaration describes the contract thus: "that on the 10th day of November, 1845, the defendant represented to the plaintiff, that if he would remove with his family to Texas, he would be entitled to three hundred and twenty acres of land, and that in consideration that the plaintiff would remove there with his family by water, and would convey to defendant one half of the land, to which the plaintiff would become entitled by settling with his family in Texas, he, the defendant, would pay the expenses of removing the plaintiff and his family to Texas: and that afterwards, to wit, on the same year and day aforesaid, it was further agreed, that the plaintiff should repair with his family to the city of Wetumpka, preparatory to the said removal: that in consideration of the promises thus made by said defendant to the plaintiff, the said plaintiff, in a few days thereafter, sold his stock, farming utensils and provisions, which could not be conveniently carried with him, at a great sacrifice, to wit, at a loss of five hundred dollars, and that afterwards, to wit, on the 13th day of November, in the year aforesaid, the said defendant told the said plaintiff, in effect, that he had abandoned the project of removing him and his family to Texas, in consequence of which abandonment of said agreement, and of the enunciation that said defendant would not comply with his said contract, the said plaintiff deemed it unnecessary for him to go with his family to Wetumpka, preparatory to their removal to Texas," &c.

The defendant demurred to the declaration, and the court sustained the demurrer. This is the error now assigned.

W. W. MORRIS, for plaintiff in error.
L. E. PARSONS, contra.

DARGAN, J.—We do not think that the declaration sets forth a valid, or binding contract between the parties. It commences by stating, that the defendant represented to the plaintiff, that by removing with his family to Texas, he would be entitled to three hundred and twenty acres of land; and that if plaintiff would remove to Texas with his family, by water, that the defendant would pay his expenses, provided he would convey to the defendant, one half of the land to which he would be entitled. It is not stated that the plaintiff accepted this proposition, nor that he did agree to remove with his family to Texas. But the declaration goes on to aver, that it was agreed, that the parties should meet at Wetumpka, preparatory to their removal. This is the only agreement stated in the declaration. Before the time appointed that the parties should meet, the defendant gave notice that he had abandoned the project, in consequence of which, the plaintiff did not repair with his family to Wetumpka.

In declaring on contracts, the declaration must show a binding agreement between the parties, which has been violated. If a valid contract is shown, and the consideration is concurrent, that is, if the promise of the one, is the consideration of the promise of the other, to do a certain thing at the same time, the plaintiff must aver a readiness, and willingness, on his part, to perform the promise. Chit. Plead. 296; Porter v. Rose, 12 Johns. 209; 8 Gill & Johns. 248.

Tested by these rules, the declaration is entirely defective. The inducement, or consideration, of the defendant's promise, is, that the plaintiff would convey to him one half of the land to which he would be entitled by his removal to Texas. The declaration does not show, that the plaintiff agreed to convey to defendant, one half of three hundred and twenty acres of land, if entitled to it by his removal; nor does it aver a readiness, and willingness, to fulfil the agreement. If we could consider the declaration as describing a valid contract,

as the promises are concurrent, an averment that the plaintiff was ready, and willing, to perform his promise, is indispensably necessary.

In no point of view, can the declaration be sustained, and the judgment is consequently affirmed.