KEAN v. MITCHELL.

to allow an amendment of the declaration, so as to change the form of action from trover to assumpsit, and that the relator was entitled to a writ of mandamus to compel the Circuit Judge to strike the amended declaration in the cause from the files.

The case of *The People v. The Judge of the Circuit Court for the County of Washtenaw*, 2 Doug., (*Mich.*), 434, approved.

*Mandamus granted.*

---

## Michael B. Kean v. David Mitchell.

*Declaration on simple contract — statement of consideration.* — In declaring upon a simple contract, except those which import a consideration, the whole consideration should be set forth, so as to show distinctly in what it consists, in order that the Court may judge of its sufficiency to sustain the promise alleged.

*Defective statement of consideration in a declaration — issue of fact joined.* — A statement of consideration in a declaration that is sufficient to sustain a judgment, though so defective as to be fatal to the declaration on demurrer, cannot be taken advantage of upon a trial of an issue of fact.

*When defective allegation of consideration will sustain a judgment.* — An allegation of consideration in a declaration, though defective, will be sufficient to sustain a judgment, when, from the issue as actually made, it can fairly be presumed that the evidence necessary to establish a case was given under it.

Therefore, where a declaration alleged a sale, and an agreement by the defendant to deliver goods "for a good and valuable consideration, paid by the plaintiff to the defendant," and, upon an issue of fact and trial, judgment was rendered for the plaintiff; — *Held*, That said allegation of consideration, although it could not have been sustained on demurrer, was sufficient to support the judgment.

*Heard April 5. Decided April 26.*

Error to Oakland Circuit.

*Charles P. Crosby* and *Theodore Romeyn*, for plaintiff in error:

The *special* counts are substantially defective, and are bad on error, for the reason that they contain no legal statements of a sufficient consideration.

KEAN v. MITCHELL.

1st. No consideration is inferable from the nature of the contract, nor from the special facts set forth in the counts.

The contract is not one where the law *infers* or implies a consideration. Hence . there is a necessity for stating one. — 1 *Chitty's Pleadings*, 293, etc.

2d. The statement in the declaration of a "good and sufficient consideration," without any .further specification, is a statement of a legal conclusion, and not of a traversable fact, and is erroneous in form and substance. — 1 *Chitty's Pleadings*, 214, 293; 1 *Greenleaf on Evidence*, §66, *and Notes.*

3d. There being, in fact, no statement of any legal .consideration, the declaration is bad on writ of error.

The objection is not cured by the judgment.

1st. There has been no application to amend, either in the Court below or in this Court, and there is nothing in the record by which this Court can amend.

2d. The objection here is, not that there was an informal statement of a consideration, which, by reasonable construction, would have supported the promise, but that there was no statement of any consideration. This defect did not require a special demurrer. It is not within the statute of amendments. — 2 *Compiled Laws*, p. 1201; *Hoard v. Little*, 7 *Mich.*, 470.

*M. E. Crofoot*, for defendant in error:

If the defendant desired to take any advantage of the insufficiency of this averment, he should have done so by *demurrer.*

The .averment is that "the defendant, for a *good* and a *valuable* consideration."

Is this averment admitted as stated — a sufficient state. ment of a good and valid contract?

We think it is; one of the elements of a contract is a *consideration* to support a promise, although, in the old

authorities, this was omitted as an essential of the definition. — *Parsons on Cont.*, vol. 1, 7; *Ibid*, vol. 2, 295, 297.

A *good* consideration is one, founded on motives of generosity, prudence and natural duty. — 2 *Blk. Com.*, 297; 1 *Parsons on Cont.*, 358.

A *valuable* consideration is, in some way, pecuniary, or convertible into money. — 1 *Parsons on Cont.*, 358.

When no consideration is stated in the declaration, etc., the defendant may demur, move in arrest, or support error. — 1 *Chit. Pleadings*, 300, 301; 7 *T. R.*, 348; 4 *Barn. and Cress.*, 345; 6 *D. and R.*, 438, *S. C.*

But when the *words* in which the consideration is stated are defective, informal or uncertain, the declaration will only be bad on *special demurrer*, and after verdict a defective statement of the consideration will be aided, provided that, by a reasonable construction of the whole declaration, it sufficiently appears that there was a consideration capable of supporting the promise. — 1 *Chit. Pleadings*, 301; *Shaw v. Redmond*, 11 *Serg. & Rawle*, 27, 30; 4 *East.*, 455, 464, 465; 13 *East.*, 102; *Ward v. Harris*, 2 *B. & P.*, 265; 1 *B. & P.*, (*New R.*,) 172; 4 *East.*, 464; 2 *Bing.*, 464; *McClel. & Y.*, 205.

COOLEY J.:

Mitchell brought suit against Kean in assumpsit, and declared specially that defendant, on a day and at a place named, "for a good and valuable consideration, then and there paid by said plaintiff to said defendant," bargained and sold to plaintiff certain goods and chattels, and then and there, "for the consideration aforesaid," promised and agreed to deliver said goods and chattels to said plaintiff, when thereunto afterwards requested. Breach: a neglect and refusal to deliver. The declaration also contained the common counts. The defendant pleaded the general issue.

On the trial, the defendant objected to the introduction of any evidence under the special counts, for the reason that no consideration was set forth therein for the defendant's promise; but the Court overruled the objection, and admitted the evidence offered, and plaintiff had a verdict. The sole question before us is, whether the Court was correct in this ruling.

In declaring upon simple contracts, except in those cases where the contracts themselves import a consideration, the rules of pleading require the consideration to be set forth. When that which is stated is clearly insufficient or illegal, the defendant may either demur, or move in arrest of judgment, or support a writ of error. But when the mode in which the consideration is stated is defective, informal or uncertain, the declaration will be bad upon special demurrer; but after verdict, a defective statement of the consideration will be aided, provided, by a reasonable construction of the whole declaration, it sufficiently appears that there was a consideration capable of supporting the promise. — 1 *Chit. Pl.*, 300.

The consideration is required to be set forth " that the Court may see that it is of that kind and nature to sustain the promise." — *Lansing v. McKillip*, 3 *Caines*, 287. It " should be distinctly set out, that the Court may judge of it." — *Whitall v. Morse*, 5 *S. & R.*, 361. And the declaration should " state the whole consideration expressly and formally, correspondent with the facts in the case, and co-extensive with the contract." — *Hendrick v. Seeley*, 6 *Conn.*, 179; *Treadway v. Nicks*, 3 *McCord*, 122.

It is obvious that, if the plaintiff may allege, in general terms, that there was a consideration, without specifying in what it consists, it will be impossible for the Court to say, from the declaration, whether that which the plaintiff considers a valid consideration is, in fact, one which will support an assumpsit. And it has been held that to allege that the defendant, being indebted

to the plaintiff in a sum specified, in consideration thereof, promised to pay, etc., was not sufficient to support a judgment by default, because the cause or consideration upon which the debt was founded was not set forth.—*Beauchamp v. Bosworth*, 3 *Bibb*, 115.  See, also, *Maury v. Olive*, 2 *Stew.*, 472, where a similar declaration was held bad on general demurrer.  In *Parker v. Crane*, 6 *Wend.*, 648, a declaration for that the defendant, in consideration that the plaintiff had, before that time, sold and conveyed to the defendant a certain farm, undertook and promised, etc., was held bad on demurrer to a plea, because the consideration being past, it was not alleged to have been done at the request of the party promising.  And in *Goldsby v. Robertson*, 1 *Blackf.*, 247, a special verdict, which set forth the consideration in the same form, was held insufficient to authorize a judgment.

In the present case, the declaration simply avers that the promise was made for a good and valuable consideration.  It does not undertake to state in what that consideration consists, and is, therefore, more clearly defective than those in the cases cited.  If it is sufficient for the party to state generally that the defendant promised, for a valuable consideration, I see no reason why he should not be allowed to state, in terms but a little more general, and without mentioning a consideration, that the defendant made a valid contract, since a valid contract necessarily includes a sufficient consideration; and this form of declaration would give the Court quite as much information on the subject as the other. Whether there was a consideration sufficient to support the promise, is a conclusion of law to be drawn from the facts; but the pleader has omitted the facts entirely, and averred only the conclusion of law.

It is true that, in declaring upon a contract in writing, which, upon its face, purports to be for value received, the instrument has been allowed to be set

forth according to its terms, and the recital held a 'sufficient allegation of consideration.—*Jerome v. Whitney*, '7 *Johns.*, 323; *Saxton v. Johnson*, 10 *Johns.*, 418; *Walrad v. Petrie*, 4 *Wend.*, 575. But the principle of those cases does not apply to the present, which must fall within and be governed by the general rule.

It is clear, therefore, that this declaration, if demurred to, could not have been sustained. It remains to be seen whether the defect therein can be aided by the verdict which has been rendered.

It is objected by the plaintiff in error, that the verdict cannot aid, because the evidence upon which the verdict was rendered was objected to, and the verdict, it is argued, cannot reach back and obviate an objection which was good when made. If a declaration is so defective that judgment rendered upon it would be arrested —in other words, if it shows no cause of action—the Court might, perhaps, entertain and sustain the objection in any stage of the cause. But if the declaration is sufficient to sustain a judgment, I am of the opinion that any objection to it, either in form or in substance, is not to be taken on the trial of an issue of fact. In *Haynes v. Brown*, 36 *N. H.*, 566, it was held that a declaration which would be bad on demurrer, but the defects in which would be cured 'by verdict, could not be objected to on motion for a non-suit. In *Clark v. Dales*, 20 *Barb.*, 42, a motion for non-suit was made on the ground that the declaration did not contain sufficient facts to constitute a cause of action. But, as the omission in the declaration was of a fact which was to be inferred from the facts stated, so that the verdict would cure the defect, the Court held the defendant too late with his objection. And in *Kelly v. Kelly*, 3 *Barb.*, 420, the Court says: "If the declaration was defective, its sufficiency ought to have been tested by demurrer, and not on a motion for a non-suit. The Court below

committed no error in refusing to non-suit the plaintiff on account of any defects alleged to be in the declaration." See, to the same effect, *Brown v. Harmon*, 21 *Barb.*, 508, and *Hall v. McKechnie*, 22 *Barb.*, 244.

We are now to see whether the defects in this declaration are so serious that it cannot be supported by the verdict rendered. In 2 *Saund. Rep.*, 228, *Note* 1, the rule by which to distinguish such defects in a declaration as are, and such as are not, cured by a general verdict for the plaintiff, is stated as follows: "When there is any defect, imperfection or omission in any pleading, whether in substance or form, which would have been a fatal objection upon demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the Judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict at the common law." The rule is stated in similar terms in 1 *Chit. Pl.*, 673, and in *Gould's Pl.*, *Ch.* 10, §13, and it is incorporated in our statutes — *Comp. L.*, §4419, subdiv. 8.

In *Hitchcock v. Page*, 1 *Root*, 293, it was held that, where no consideration was alleged in a declaration in assumpsit, the defect was not cured by verdict. I take this to be on the ground that, as the declaration only alleged a naked promise, and as the issue joined upon that would not necessarily require, upon the trial, proof of any consideration, the Court would not be at liberty to presume that any such proof had been presented to the jury. To the same effect is *Whitall v. Morse*, 5 *S. & R.*, 358.

But, although the allegation of consideration in this declaration would be insufficient on demurrer, or to sustain a judgment by default, I am of the opinion that it

may be held sufficient after verdict. At that stage of the cause, the Court looks at the issue actually made, to see if it can be fairly presumed that the evidence necessary to establish a case has been given under it, and if so, the Court is to make that presumption, and sustain the verdict. The declaration in this case does aver a consideration. The defendant, who had a right to insist that that consideration should be specifically set out, contents himself with pleading the general issue. I think it doing him no injustice to hold that he thereby waived his right to a more specific allegation, and consented that the plaintiff might introduce his evidence of consideration under the declaration as it stood. Had the pleadings put in issue a mere *nudum pactum*, the Court could not infer that a legal contract had been proved. But to infer proof of a sufficient contract here, is not going beyond the issue which has been framed, however defective that issue may be; and I, therefore, consider it our duty to sustain the judgment.

The judgment of the Court below should be affirmed, with costs.

CHRISTIANCY J. concurred.

CAMPBELL J.:

I concur with my brother, Cooley, in his views upon the case. I reserve my opinion upon the question whether an absence of any allegation of consideration would be fatal after verdict, without previous objection.

MARTIN Ch. J. was absent.