## BRUSH *v.* RANEY.

PRINCIPAL AND SURETY.—*Contract.*—*Pleading.*—*Evidence.*—A promissory note was executed by A. and B., the latter styling himself "collateral security." Suit on the note by the payee against B., A. being deceased.

*Held,* that a parol agreement between the payee and B. that the latter should pay the note only in case it could not be made of A., if contemporaneous with the making of the note, could not be shown in defense because of the rule against the admission of parol evidence to vary or contradict a written instrument, and if subsequent to the note, could not be sustained without a consideration therefor being shown.

SAME.—*Statute Construed.*—The statute (2 G. & H. 308, sec. 674) which enables a surety to have an order of the court that execution shall be first levied upon the property of his principal, is not applicable in such an action brought against a single defendant.

PLEADING.—*Consideration.*—To show a consideration for an agreement, in a pleading, it is not sufficient to allege that the agreement was for a valuable consideration; but the facts with reference to the consideration must be set out.

PROMISSORY NOTE.—*Without Date.*—In a suit on a promissory note without date, but having seven months from its execution to run, the complaint set forth the note and alleged that it was made at a certain date, being more than seven months prior to the commencement of the action.

*Held,* that the complaint sufficiently showed that the note was due when the suit was commenced.

APPEAL from the Ripley Common Pleas.

DOWNEY, J.—This action was commenced by the appellee against the appellant on a promissory note, executed by the latter and one Allen, deceased, to the former, the defendant styling himself "collateral security."

Answer, first, the general denial; second, payment before suit brought; third, that the defendant is only "collateral" security on the note, that the estate of Allen is solvent, that there is one thousand dollars of personal and real estate in Ripley county, and was at the time of commencing this action, and that by contract with the plaintiff, for a valuable consideration, he was to pay the same only in case it could not be made off Allen, and asks that the property of Allen may be first exhausted after the question of suretyship is tried; fourth, that he is only collateral security on the note, that

Brush v. Raney.

the plaintiff accepted the note with the full understanding and agreement that he was to look to defendant, Brush, for his pay only in case the money could not be made off the principal, and that the heirs of Allen all live in Ripley county and have for five years, and that Allen has unincumbered personal and real property of the value of one thousand dollars, and that his estate is solvent. Wherefore, the defendant asks that the plaintiff be required to answer as to said question of suretyship, and if the facts as stated be found to be true, that the court will compel the plaintiff to exhaust the property of the principal before he is compelled to pay the same.

Reply to the second paragraph of the answer. Demurrer to the third and fourth. Demurrers sustained, and exception taken. The defendant then withdrew the first and second paragraphs of his answer, and there was final judgment rendered for the plaintiff.

The errors assigned are the sustaining of the demurrers, to the third and fourth paragraphs of the answer, and it is insisted in argument that the complaint is bad.

The third paragraph does not state whether the contract referred to was made at the date of the note, or subsequently. If it was made at the date of the note, it cannot be sustained, because it violates the well known rule that parol evidence cannot be admitted to vary or contradict a written instrument.

If it is to be understood that it was made subsequently to the date of the note, we think it cannot be sustained, because it does not set out any consideration for the agreement. It is true that it says it was for a valuable consideration. But it is the province of the court, and not of the pleader, to decide whether the consideration was a valuable one or not. The facts with reference to the consideration should have been set out. *Robinson* v. *Barbour,* 5 Blackf. 468.

The fourth paragraph is evidently objectionable, because it sets up a contemporaneous parol agreement which materially changes the terms of the note.

Neither of these paragraphs of the answer can be sus-tained under the statute which enables sureties to have an order of the court that the execution shall be first levied on the property of principal.   That statute applies only where an action is brought against two or more defendants, &c. 2 G. & H. 308, sec 674.

As the promissory note on which the suit is brought is not dated, and the complaint does not, in terms, allege, that it was due when the action was brought, it is urged that the complaint is bad.   But the complaint, alleges that the note was made on the first day of August, 1868.   It had seven months to run.   The suit was commenced on the second day of March, 1869.   The complaint thus sufficiently shows that the note was due when the suit was commenced.

The judgment is affirmed, with ten per cent. damages and costs.

*E. P. Ferris,* and *H. T. Lipperd,* for appellant.