# Newton *et al. v.* Brook.

## *Action of Trespass on the Case.*

1. *Action of trespass on the case; when duty grows out of contract complaint must aver consideration.*—In an action of trespass on the case, where the gravamen of the complaint is for a breach of duty growing out of a contract, it is necessary for the complaint to state expressly the consideration for the defendant's promise or contract; and upon the complaint failing to aver or to state the particular consideration upon which the contract was founded, it is defective and subject to demurrer.

APPEAL from the Circuit Court of Jefferson.
Tried before the Hon. A. A. COLEMAN.

This was an action brought by the appellee, Nannie S. Brook, against the appellants, as partners doing business under the firm name of Warner-Smiley Co.

The complaint was as follows: "The plaintiff claims of the defendants twenty-five thousand dollars damages, for that on or before the 16th day of February, 1900, the defendants were engaged in the undertaking busi-

ness in Birmingham, Ala., and as such were holding themselves out for the preparation of bodies for burial and shipment; that on said 16th day of February, 1900, Benjamin F. Brook, who was the husband of the plaintiff, departed this life, in said city, and the defendants were informed that plaintiff desired to ship the remains of said Benjamin F. Brook to Dunlap, Ga., for interment, over the Southern Railway, upon the train which was to leave Birmingham at or about 6 A. M., February 17, 1900, and the plaintiff engaged the defendants to prepare the remains of said Benjamin F. Brook for burial and for shipment over said Southern Railway on said train, which was to leave Birmingham at or about 6 o'clock, as above stated, on the morning of February 17th, 1900, it also being made known to the defendants that preparations had been made for the interment of said remains at Dunlap, Ga., at 10 A. M., February 18th, 1900; and the plaintiff avers that on said morning of February 17th, 1900, she went to the Union passenger station, at Birmingham, Alabama, for the purpose of boarding the train to accompany the remains of her deceased husband to Dunlap, Georgia, when it was found that the body had not reached the station, and the plaintiff procured a few minutes delay in the departure of said train, and sent to the defendants' establishment to hurry up the remains, when it was discovered that the defendants had made no preparation for the shipment of deceased's remains at the tin e specified; and plaintiff avers that she was unable to have said remains shipped at the time specified, and said remains could not be shipped until the next train, which was at 4:45 P. M., February 17th, 1900; and in consequence of said delay in the shipment of said remains, the interment of said remains had to be postponed, and the plaintiff was put to great inconvenience by being delayed at Union Point, Ga., from 2 o'clock A. M., February 18, 1900, where she was compelled to wait without any fire and while waiting there she suffered from cold and inclement weather; and the plaintiff avers that it was the duty of the defendants to have said remains prepared and placed at the Union depot at Birmingham, Alabama, for shipment at or about 6 A. M.,

[Newton *et al.* v. Brook.]

February 17th, 1900, and by reason of their failure to do so, the plaintiff suffered great mental agony and distress and was subjected to great inconvenience and physical pain, as hereinabove stated, and was put to five dollars additional expense in and about said burial, all to her damage as aforesaid, hence this suit."

The defendants demurred to the complaint upon the following grounds: The complaint fails to show by its averments that the plaintiff has any cause of action against the defendants in this: 1st. The defendants can only be held liable on a breach of contract for work, labor and services agreed to be performed by defendants for the plaintiff at her special instance and request, for a consideration then and there agreed to be paid to the plaintiff to the defendants, and the complaint fails to allege any consideration paid or agreed to be paid to the defendants by the plaintiff for such services and the agreement without this would be *nudum pactum*. 2d. There are no allegations in the complaint showing the defendants were under any duty to render services or become liable to the plaintiff for any breach of duty required by law. 3d. Because the action is founded on a tort or breach of duty alleged to spring out of a contract when the law does not infer or impose such duty upon the defendants. This demurrer was overruled.

Under the opinion on the present appeal it is unnecessary to set out any of the other facts of the case.

There were verdict and judgment for the plaintiff, assessing her damages at $750. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

W. H. DENSON, for appellant, cited *W. U. Tel. Co. v. Krichbaum*, 132 Ala. 535; 2 Mayfield's Digest, pp. 1020-1021, §§ 118, 119, 121, 126, 127, 134, 144.

LANE & WHITE, *contra*, cited *Moseley v. Wilkerson*, 24 Ala. 415; *Larson v. Chase*, 28 Am. St. Rep. 370; *Renihan v. Wright*, 9 L. R. A. 514.

TYSON, J.—Counsel agree that the complaint is in case and not in assumpsit; that its *gravamen* is for a

breach of duty growing out of a contract. It counts,. as we will show when we consider its averments, not upon a misfeasance or malfeasance of the defendants, but a *non-feasance.* The contract attempted to be alleged as an inducement out of which the supposed duty arose, is shown by the evidence to have been oral. Independent of the evidence, however, and looking alone to the averments of the complaint, applying the rule of construing pleading most strongly against the. pleader, we are constrained to hold that the contract as there shown was an unwritten one, and imports no .consideration.—*Code,* § 1800; *Maury v. Olive,* 2 Stewart, 472; *Phillips v. Scoggins,* 1 S. & P. 30; 4 Ency. Pl. & Pr., 928.

If the form of this action was assumpsit, instead of trespass on the case, it cannot be doubted that it would. be necessary for the complaint to state truly the consideration for the promise of the defendant. There is no principle of the common law better settled than that a promise to be binding, must be made upon a legal and valid consideration; and without such consideration no. action will lie. The consideration, therefore, being essential to the right to maintain an action upon a promise, must be alleged unless it be in a case where the promise is evidenced by a writing which imports a consideration. This common law rule is stated by Mr. Chitty to be: "In declaring upon a contract not under seal, it is in all cases necesary to state that it was a contract that imports and *implies* consideration, as a bill of exchange. or promissory note, or *expressly* to state the particular *consideration* upon which it was founded." 1 Chitty on Pl. (16th Am. ed.), *p. 300, bottom p. 382. In note it is said: "The want of a statement of the consideration of a promise is a capital defect in a declaration, not to be supplied by intendment, but by amendment." Again it is said: "The consideration must be truly stated, and with substantial certainty, and proved as laid." See also 4 Ency. Pl. & Pr., p. 930 and note 1; *Maury v. Olive, supra.*

It may be said that these principles have no application to this case, because the action is not for a breach of the

contract, but for a breach of duty.  It is clear under the allegations of the complaint that the defendants were under no duty to perform the obligation, out of which their duty is alleged to have arisen, independent of a contract. In other words, no such duty, the breach of which is complained of, originated either in a general obligation of law or in an obligation thrown upon them by reason of their vocation.  So then, if the duty of performance was upon them at all, it must have been imposed by contract.  This being true, the contract must be a binding one upon them and this must be shown by the allegations of the complaint.  To this end it is just as important to state *expressly* the consideration for defendants' promise as if the action were in assumpsit.— Chitty on Pl., *p. 397; 21 Ency. Pl. & Pr., 913-914; *Whitall v. Morse,* 5 S. & R. (Pa.) 358; *Thorne v. Deas,* 4 Johns 84; *Elsee v. Gratward,* 3 Durnford & East's Rep., *p. 144, top p. 86; *Jones v. Powell,* 15 Ala. 824; *Moseley v. Wilkinson,* 24 Ala. 411.

The averment in the complaint under consideration is "the plaintiff engaged the defendants to prepare the remains of said Benjamin F. Brook for burial and shipment" over a certain line of railroad, to leave Birmingham at a specified time.  That when the hour of leaving had arrived it was discovered that "the defendants had made no preparation for the shipment of deceased remains at the time specified."  The allegation amounts to nothing more than the defendants' promise to the plaintiff to prepare the body of Brook for burial and shipment.  Clearly there is no *express* statement of a consideration to support the promise of the defendants.  For aught appearing, the promise of defendant may have been gratuitous or upon consideration moving to them from another other than the plaintiff, or it may be that they were to be compensated for their services, when performed, out of the assets of the estate of the dead man.

It will also be noted that there is no averment that defendants entered upon the execution of the preparation of the remains for burial and shipment as promised by them before the hour arrived for its shipment.  On the contrary it is inferentially shown by the averments, that

18c

[Newton *et al.* v. Brook.]

they did not undertake the carrying out of their promise until after the hour alleged had passed. Nor is it alleged as a fact that they ever took possession of the body under their promise. If it be conceded that this inference may be drawn from the recitals in the complaint, it is wholly insufficient as an averment.—Gould on Pls. Ch. 3, §§ 27, 35; *Prigmore v. Thompson*, Minor, 420.

In *Elsee v. Gatward, supra,* the first count of the declaration was in case, counting on a *non-feasance,* as here, and strikingly analogous in its allegations. The action was against a carpenter for neglect in not completing certain buildings within specified periods named in the declaration. Lord KENYON, C. J., said: "If this had been an action of assumpsit, it could not have been supported for want of a consideration: it would have been *nudum pactum.* * * * Now, I do not think that the first count in the declaration is good in law. It states that the defendant, who is a carpenter, was retained by the plaintiffs to build and to repair certain houses; but it is not stated that he was to receive any consideration or that he entered upon his work. No consideration results from his situation as a carpenter, nor from the undertaking; nor is he bound to perform all the work that is tendered to him; and, therefore, the amount of this is, that the defendant has merely told a falsehood and has not performed his promise; but for his non-performance of it no action can be supported."

Whether, if the complainant had alleged the fact of defendants' partial execution of their promise, it would be necessary to allege a consideration for their promise, we do not decide.

Before concluding, we wish to be understood as not committing ourselves *pro* or *con* as to the right of the plaintiff, upon the evidence, to maintain this suit.

Since the complaint as framed is entirely defective, we will not go further than to pass upon the demurrer interposed to it. It follows, from an application of the principles announced, that the demurrer was well taken and should have been sustained.

Reversed and remanded.