# Malone-Beal Mer. Co. *v.* Greer.

*Breach of Contract.* '

(Decided Nov. 24, 1910.    53 South. 810.)

1. *Frauds; Statute of; Debt.*—Where one as part of the purchase price of another's business, offers or agrees to pay a debt owing by the vendor for goods received, such an agreement is not a promise to answer for the debt, default or miscarriage of another, but it is a contract to pay the debt, and not invalid under the statute of frauds because not in writing.

2. *Contract; Consideration; Pleading and Proof.*—Where the action was on a contract and it was alleged that defendant agreed to pay plaintiff, as part of the consideration 12 1-2% on the cash price of goods sold to certain persons named who had been customers of the plaintiff during the preceding year, and it appeared that plaintiff agreed to pay the defendant for all losses by reason of the failure of any of such customers to pay for fertilizers sold to them,

as an important part of the consideration for the agreement to pay such percentage on sales, a fatal variance is shown, under the rule that in an action for failure to perform a contract, the declaration must state the entire consideration, and the entire act to be done by virtue of the consideration and that the proof must correspond with the allegation.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by P. E. Greer against the Malone-Beal Mercantile Company for breach of contract. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Count 3 sets up a contract by which the defendant corporation agreed to pay plaintiff 80 cents on the dollar of the invoice charge for plaintiff's stock of goods at Slocomb, Ala., and $800 for plaintiff's warehouse in Slocomb, and to pay plaintiff the sum of $60 per month, during so many months of the year 1906 as might be necessary for him (plaintiff) as an employee of the defendant to make sales of fertilizers to customers of the defendant, and to take notes therefor, and to pay plaintiff on December 1, 1906, 12½ per cent. on the cash price of goods sold to the following named persons, who had been customers of plaintiff for merchandise during the year 1905. Here followed a lot of names of the customers. It is then averred that defendant agreed to carry out plaintiff's contract with the Savannah Guano Company for the purchase of fertilizers during the year 1906, and that defendant further agreed with plaintiff to sell to plaintiff's said customers diamond cotton food guano at $22.50 per ton, and 8—4 compound, a phosphate, for $18.50 per ton. It is also averred that plaintiff was to discontinue the fertilizer and mercantile business and work for defendant as hereinafter stated. The breaches alleged are refusal to pay plaintiff the profits on the fertilizer sold as agreed, as well as the 12½ per cent. on the cash price of the goods and merchandise

[Malone-Beal Mer. Co. v. Greer.]

sold by it to plaintiff's customers above set out. It is then alleged how much fertilizer and how much goods were sold.

Pleas 3 and 5 are as follows: "(3) The defendant says that the contract declared on is void under the statute of frauds, in that as a parcel and part of the said contract the defendant agreed to become responsible to the Savannah Guano Company for a debt which the plaintiff was due the said company, and defendant avers that said promise was not in writing, nor was the consideration thereof in writing and signed by the defendant." "(5) That as a part and parcel of the contract sued on, and without which said contract would not have been made, and as an indispensable part thereof, the defendant promised to pay a certain debt which the plaintiff owed the Savannah Guano Company, and said promise was not in writing, nor was the consideration thereof expressed in writing and signed by the defendant, and therefore said contract was void."

ESPY & FARMER, and W. O. MULKEY, for appellant. The third count undertakes to set forth the terms of the contract between the parties to the suit, but fails to set out all the terms of the contract as shown by the proof and hence, there was a variance which entitles the defendant to the affirmative charge.—*Boyleston v. Sherran*, 31 Ala. 538; *Wellman v. Jones,* 124 Ala. 588; 9 Cyc. 750. The contract was too indefinite with respect to who were the customers.—*Bissinger v. Price,* 117 Ala. 480. The court erred in sustaining demurrers to pleas 3 and 5.—*Tillis v. Tredwell,* 117 Ala. 445. The contract was beyond the power of the corporation to make.—*G. Y. P. L. Co. v. Chapman & Co.,* 48 So. 662.

A. E. PACE, and W. L. LEE, for appellee. The court properly sustained demurrers to pleas 3 and 5.—Sec.

4289, Code 1907. Counsel discuss other assignments of error, but without citation of authority.

EVANS, J.—Plaintiff in the court below sued defendant upon a verbal contract, which plaintiff alleged had been entered into between plaintiff and defendant. There were originally two counts to the complaint, but demurrers were sustained to these counts, and count 3 was added by way of amendment. Upon this count the case was tried. There were six pleas filed to count 3. Demurrers were sustained to pleas 3 and 5. The appellant here, defendant below, now assigns as error the ruling of the trial court in sustaining the demurrers to pleas 3 and 5, and the refusal of the court to give written charges numbered 1, 2, 3, 4, and 5 requested by defendant.

Plea 5 was clearly subject to the demurrer interposed by plaintiff. The contract set up in the complaint, and that part of the contract set up in plea 5, showed not a contract, or "special promise, to answer for the debt, default, or miscarriage of another," but a contract by defendant to pay the debt, which he contracted with plaintiff, in a particular way.—*Aultman v. Fletcher*, 110 Ala. 458, 18 South 215; *Woodruff v. Scaife*, 83 Ala. 152, 3 South. 311. "The statute of frauds was not enacted to protect persons against the payment of their own debts, but the debts of others."—*Files v. McLeod*, 14 Ala. 613.

Plea 3 was no answer to the complaint; but it was good in form, and was not subject to the demurrer interposed. The allegations of the complaint showed that the agreement between plaintiff and defendant with reference to defendant carrying out plaintiff's contract with the Savannah Guano Company was not such as was affected by the statute of frauds, but was simply

a contract by which defendant was to pay his own debt to plaintiff, in part, in a particular way. If this allegation was not true, then its falsity could be shown under plea of the general issue.

Charge 3 is the affirmative charge asked by defendant. It is our opinion that this charge should have been given. In a suit upon a contract like the one here sued upon, it is necessary to allege and prove a consideration for the promise of defendant. The evidence shows, without dispute, that the consideration proved was much more than the consideration alleged; and there was, therefore, a variance between the allegations and the proof. The proof showed that a part consideration for the promise, on the part of defendant, to pay plaintiff commissions on the sales of guano to those who were former customers of plaintiff, was that plaintiff would pay defendant all losses by reason of the failure of any of them to pay for the guano sold to them. There is no allegation of this kind in the complaint. "In declaring on a simple contract, it is necessary to state the whole consideration expressly and formally, correspondent with the facts in the case, and coextensive with the contract; for a variance between the contract alleged and the contract proved is fatal on trial."—*Hendrick v. Seely,* 6 Conn. 176; Encyc. of Pl. & Pr. vol. 4, p. 930. "In an action for damages for failure or refusal to perform, the defendant must state the entire consideration, and the entire act to be done in virtue of the consideration; and the proof must correspond with the allegations."—*James v. Adams,* 8 W. Va. 568; *Newton v. Brook,* 134 Ala. 272, 32 South. 722; *Maury v. Olive,* 2 Stew. 472; *Jones v. Powell,* 15 Ala. 824. It follows, from the foregoing, that the court erred in refusing the affirmative charge to defendant.

We deem it unnecessary to consider the other assignments of error, as they all relate practically to the same matter discussed under the charge above considered.

For the errors pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.