178 So.2d 525

**ALABAMA POWER COMPANY**

v.

**C. G. THOMPSON.**

**6 Div. 81.**

Supreme Court of Alabama.

Sept. 9, 1965.

Fite & Thomas, Hamilton, and Martin, Balch, Bingham & Hawthorne, Birmingham, for appellant.

Guin, Guin & Cleere, Russellville, Nelson Vinson, Hamilton, for appellee.

LAWSON, Justice.

The complaint in this case was amended so as to exclude all counts except Count X, upon which the jury returned a verdict for plaintiff. The reporter will set out Count X.

This count alleges that defendant willfully or wantonly failed to provide certain working space, according to promise of defendant's alleged vice-principal, near the power house project upon which plaintiff was engaged by a general contractor to do some work as a subcontractor incident to the completion of said power house project for appellant; that the promise to provide this space near the project was made as an inducement to appellee to enter into said subcontract and was relied upon by plaintiff to his detriment. There was no allegation of any contract between plaintiff and defendant to do this work, but only an alleged promise of the alleged vice-principal to furnish the space, which operated as an inducement to plaintiff to enter into the subcontract.

Plaintiff does not assert on this appeal that he had any contract with defendant, nor does he assert that Count X is for a breach of a contract, but contends that this count is in trespass in that the wrongful failure to provide the space is a direct injury. Appellee further asserts here:

"\* \* \* It is not necessary to allege a duty in a wanton count, and no attempt has been made by us to do so. The duty exists in law, completely independent of any necessary allegation. The words in the count describing the promises made by the vice-principal of the defendant just simply describe the manner in which the interference took place. It is plainly alleged in the count that the defendant interfered with the conduct of plaintiff's business, and with the performance of his contract."

But do the allegations of the complaint show that the failure of defendant to provide the space, according to the alleged promise of its alleged vice-principal, was an actionable interference with the conduct of plaintiff's business arising out of the subcontract? In other words, can a tort action for interference with the operation of a legitimate business as here conducted by plaintiff be predicated on the nonperformance of a promise to do a certain thing as an inducement to plaintiff to enter into a valid contract with a third person? To sustain a tort action must there be an affirmative interference as distinguished from mere failure to fulfill a promise made without consideration therefor? We are cited no case nor do we find one holding that a willful or wanton indifference to the fulfillment of such a promise constitutes actionable interference with the operation of a lawful business.

Appellee cites several cases which he contends support his contention that the willful or wanton failure of appellant to provide the space constitutes actionable tort. However, we do not agree with appellee's application of these cases. We refer to some of these cases.

In Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L.R.A.,N.S., 1224, we said:

" * * * The gist of the action is that the defendant wrongfully, and in some of the counts it is averred also willfully, wantonly, and maliciously, forbade the plaintiff and his clerks, in the presence of purchasers, or those negotiating to that end, to sell or buy any of the goods of the plaintiff, and threatened, if so, that he would take memoranda of such sales and purchases, and that those so dealing would be required to attend court or to submit to prosecution. It is also averred that business was suspended thereby, that customers left, and that some of the clerks fled. It is not alleged that the defendant was or acted as an officer of the law in any sense.

" * * * In necessary consequence, an unlawful invasion of or interference with the pursuit or progress of one's trade, profession, or business is a wrong for which an action lies. * * *

* * * * * *

"If the act described in the pleading was done wantonly, or maliciously, or with circumstances of aggravation, exemplary damages may be awarded. Snedecor v. Pope, 143 Ala. 275, 39 South. 318, and authorities therein cited. That such damages need not be specifically claimed in the declaration is too well settled to require the citation of authority." (156 Ala. 386–387, 389, 47 So. 334–335)

In the case at bar, the allegations that the conduct of defendant in its failure to provide the space was willfully or wantonly done is to charge circumstances for the imposition of exemplary damages if the complaint stated a cause of action. These words would not convert the count into trespass. It would be necessary for the pleader to allege facts that constitute a trespass.

This court also held in Alcazar Amusement Co. et al. v. Mudd & Colley Amusement Co., 204 Ala. 509, 86 So. 209, that a bill possesses equity which sought to restrain the exhibition by respondents of a motion picture which plaintiff claimed to have the exclusive right to exhibit as a first-run in the locality. It was further held that a third party who knowingly interferes with the performance of a valid contract between others, or who contributes to the impairment of the rights of a party thereto, commits a tort, and may be enjoined in equity if the remedy at law is insufficient.

The case of Carter v. Knapp Motor Co., 243 Ala. 600, 11 So.2d 383, 144 A.L.R. 1177, involved a bill filed by an automobile dealer praying injunctive relief against wrongful interference with the dealer's lawful business, good will and good name of its products by driving an automobile of which

make the complainant sold, on which a white elephant had been painted. We held that one's employment, trade or calling is a "property right," the wrongful interference with which is an actionable wrong. So again there was an affirmative interference.

Also see Bowen v. Morris et al., 219 Ala. 689, 123 So. 222, where we held that employment, trade, or calling is a property right, the wrongful interference with which is an actionable wrong and to protect which equitable remedy of injunction is available, where there is no adequate remedy at law. Here there was a threatened issuance of a writ of garnishment that was calculated to get complainant fired from his job. Again the threatened conduct of respondent was positive and active.

■ There are numerous other decisions of this and other courts which make actionable as torts any wrongful interference in the operation of a person's lawful business, trade or profession, but in each of the cases we have reviewed there was an affirmative or threatened act of interference by the defendant, and not as here alleged a refusal or failure to carry out a promise.

Plaintiff here attempts to create an action of trespass by alleging that defendant willfully or wantonly injured plaintiff by failing to carry out its alleged promise to provide reasonably adequate and convenient working space in the execution of a contract with a general contractor, citing Decatur Petroleum Haulers, Inc. v. Germany, 268 Ala. 211, 105 So.2d 852, from which we quote:

"In City Delivery Co. v. Henry, 139 Ala. 161, 34 So. 389, 390, it was clearly held that the averment that 'the defendant, through its agent or servant, John McClary, wantonly, willfully or intentionally caused an ice wagon to run against plaintiff with great force, thereby throwing plaintiff to the ground, and inflicting upon her serious injuries,' etc., was to the effect that the wantonness, willfulness, and inten-

tional wrong thus averred was the wantonness, willfulness or evil intention of the defendant *itself* as contradistinguished from the wrong of the servant only, for the consequences of which the defendant is responsible merely because of its relation of employer to McClary, and, therefore, stated a cause in trespass.

"Since the Henry case, supra, this court has consistently held, with the possible exception of the case of Atlantic Coast Line R. Co. v. Brackin, 248 Ala. 459, 28 So.2d 193, which we will discuss later, that the averment that the defendant through its agent or servant willfully or wantonly injured the plaintiff states a cause of action in trespass. * * *" (268 Ala. 213, 105 So.2d 853)

■ But the averments must show a factual situation between the plaintiff and defendant out of which trespass may spring or evolve. This plaintiff attempts unsuccessfully to do in the case at bar.

"Trespass lies whenever an injury to the plaintiff is the immediate result of force originally applied by the defendant. In other words, trespass cannot be based on a mere nonfeasance or an omission to perform a duty. There must be an affirmative act—a misfeasance, rather than a nonfeasance. As a variant of this rule, it is held that unless accompanied by some positive act, language alone, however offensive, does not constitute a trespass. * * *" 52 Am.Jur. 839, § 6.

■ There is no insistence, in fact plaintiff disclaims that Count X is in assumpsit. It cannot be in assumpsit, otherwise it would be necessary for the count to state truly the consideration for the alleged promises of defendant to provide the space. There is no principle of the common law better settled than that a promise, to be binding, must be made upon a legal and valid consideration; and without such consideration no action will lie.

The consideration, therefore, must be alleged, unless it be a case where the promise is evidenced by a writing which imports a consideration. Newton v. Brook, 134 Ala. 269, 32 So. 722. Appellee says in his brief: "The promises by Mr. Wagoner [the project superintendent] do not constitute a contract. They do constitute a part of the wrongful interference, wantonly or wilfully committed, which caused the law suit."

We also agree with appellee that Count X does not allege an action of trespass on the case. We think the several grounds of demurrer adequately point to defects in the complaint that cause us to conclude that Count X does not state a cause of action. The demurrer should have been sustained and for failure to do so the trial court committed reversible error, which works a reversal of the judgment.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and COLEMAN, JJ., concur.