DELASHMAN et. el. v. BERRY, EX'R, &c.

*Held*, That the present case would come within the decisions referred to, and that the statute has not established any rule of evidence which would prevent the admission of the testimony. The remaining question to be determined was whether the proceeding by criminal process against the adulterer was a proceeding instituted by the husband within the meaning of the statute. *Held*, that it was not, but that the words of the statute relating to this matter were to be confined to civil proceedings.

Judgment of the Court below affirmed.

———————◆———————

## DELASHMAN et. al. vs. BERRY, Ex'r, &c.

Where a bond is given by a defendant, under the forcible entry and detainar act, to appeal the suit to the Circuit Court, conditioned to pay accrued rent and costs, upon appellee obtaining restitution of the premises, a right of action upon the bond does not accrue until actual restitution and possession has been obtained.

The facts to be presumed after verdict depend upon the issue made by the pleadings.

Error to Branch Circuit.

*Opinion by* CHRISTIANCY, J.—A Circuit Court Commissioner rendered judgment against Delashman giving restitution of certain premises, and costs. Delashman appealed to the Circuit Court, giving bond conditioned to pay the rent up to the time the appellee should obtain restitution of the premises, together with costs. Suit was brought upon the bond. The only breach assigned was, that on the fourth day of April, 1868, such proceedings were had on the appeal in the Circuit Court that by the consideration of the Court it was ordered, amongst other things, that the complainant have restitution of the premises, and recover against Delashman his costs and charges and have execution therefor. Of all which the said defendant is charged to have had notice. And it was further charged that Delashman did not forthwith pay the rent due or to become due to the complainant, up to the time when the complainant obtained restitution of the premises, together with his costs, etc., wherefore he claimed damages.

It will be seen that the declaration does not allege that any rent

became due or that the complainant obtained possession of the premises.

*Held,* That no right of action accrued. until actual restitution and possession had been obtained. The judgment might be taken to the Supreme. Court and reversed, in which case there would be no breach in the bond. Such restitution not having been obtained, the declaration shows no cause of action.

It was, however, insisted by defendant in error that this declaration would be good after verdict, on the ground that all the facts were proved on the trial which were necessary to support the action. The rule of the common law is not so broad as this ; the statute was intended to adopt the common law rule. The facts to be presumed after verdict depend upon the issue made by the pleadings. If a declaration in assumpsit does not in any way allege a consideration, but the issue is upon a *nudum pactum,* no consideration will be presumed, because none appears to have been claimed to exist, and the verdict will not cure this defect. But if it charges any facts from which it appears that the plaintiff claimed any consideration, if the defendant does not demur but goes to trial upon the facts, a verdict against him will cure the defects in the declaration.

In the present case the pleader did not intend to base his rights upon the existence of the facts deemed by the Court necessary to sustain his acton, and the Court could not infer the existence of facts which it is clear the declaration did not even imply. Had the declaration in other respects been good, the Court might have assumed that certain rent was due from the argumentative way in which that fact was stated in the declaration.

Judgment reversed with costs, but no new trial ordered, as no cause of action appeared. As amendments to the declaration might be permitted in the discretion of the Court below, the cause is remanded to that Court for such further proceedings as might be there taken.