## Seth Holcomb v. Frances E. Bonnell and others.

*Possession of land: Appeal: Bond to secure rent: Restitution of premises.* It is no defense to a recovery on a bond to secure rent, given on an appeal in proceedings under the statute to obtain possession of lands, that the obligee in such bond had never obtained restitution of the premises under the judgment in his favor, where he was prevented by order of the court, on motion of the principal obligor in such bond, from getting possession until after the expiration of the term for which he held the premises from his lessor and until after his right to possession had terminated; this case and *Delashman v. Berry, 21 Mich., 516,* distinguished.

*Decisions: Construction: Implied limitations.* The language of a decision is to be construed not as a statement of abstract propositions without limitation, but in connection with the particular facts of the case and the specific matters had in view when the language was used; and when applied to an essentially different state of facts, is to be understood as subject by implication to many limitations and restrictions not expressly stated.

*Submitted on briefs April 15.   Decided April 27.*

Case made from Kent Circuit.

*D. E. Corbitt*, for plaintiff.

*L. Bement* and *J. A. Fairfield*, for defendants.

GRAVES, CH. J :

This cause is brought here on a case made after judgment.

On the 29th of January, 1872, the plaintiff obtained judgment against defendant Bonnell before a circuit court commissioner, for the possession of certain premises, pursuant to the statute giving a summary remedy for the possession of land in specified cases. She at once appealed to the circuit court, and in order to perfect her appeal and keep the plaintiff from possession under the commissioner's judgment, she made the usual bond required in such cases, and Spaulding and Merrill joined as her sureties. The appeal was tried, and on the 25th of April, 1872, the circuit court gave judgment in Holcomb's favor, that he should have restitution and his costs. The basis of his right of possession was, that he held as lessee of a term which commenced on the first of July, 1871, and was to expire on the first of January, 1873, the defendant Bonnell being tenant under him, at a rent of twelve dollars and fifty cents a month, and having failed to pay.

After this judgment in the circuit court in favor of Holcomb, when some eight months of his term remained, defendant Bonnell procured a stay of all proceedings on the judgment against her, except as to the taxation of costs, until the 20th of December 1872, and near the expiration of plaintiff's term ; and shortly after the expiration of the stay, and after the first of January, Holcomb procured the usual writ of restitution to be issued in his behalf ; but this writ was immediately recalled by the court, and an order entered againt the issuance of any further writ of possession, on motion of defendant Bonnell, and on the sole ground that Holcomb's term had expired.

Holcomb then brought this suit in assumpsit upon the bond, and set up the material facts. On the trial before a jury the evidence tended to establish a right in Holcomb to recover, but the defense contended that all right of action

on the bond was excluded on the ground that the plaintiff had never got into actual possession under the judgment, and cited *Delashman v. Berry, 21 Mich., 516,* as decisive on the subject; and the circuit judge, taking the same view of that case, felt constrained to yield to this position of defendants, and he accordingly instructed the jury to find against Holcomb.

Without questioning in the least the correctness of the decision itself in *Delashman v. Berry,* we do not fail to observe that the language used is pretty broad and open to an application much more extended than was designed unless strictly confined to the state of facts there shown. It is hardly necessary to observe that the language used in deciding cases can rarely be separated from the specific matters contemplated by the court, without leading to results completely at variance with the principle with which the expressions were meant to harmonize. In laying down propositions which appear correct in view of the actual case as shaped by the record, it is not generally considered needful to write down in guarded terms the particular limitations of the propositions, or the conditions which would not be suited to them. It is supposed they will be read not as abstractions, but as propositions inseparably bound up with the particular issue and matters the court is then dealing with, and it is in this way that the observations in the case mentioned must be considered, and without yielding to them any further than the needs of that case required. Now in *Delashman v. Berry* the plaintiff had got judgment of restitution merely, and so far as appeared there was no impediment to hinder him from getting actual possession pursuant to the judgment. Nevertheless, without presenting any reason whatever for failing to get, or even for omitting all effort to get possession, he at once sued on the bond, and the court thought he did not, upon a just view of the statute, show a right of action. There was no pretense that his opponent by dilatory means had obstructed his right under the judgment, and had effectually prevented his getting into possession in

compliance with it, until his estate had come to an end by effluxion of time.

In the present case the defendant Bonnell appealed against Holcomb's recovery before the commissioner, and in order to effectuate the appeal and keep Holcomb out, she gave this bond to secure rent; and the circuit court, whilst Holcomb's term was still running, and when it had about two-thirds of a year to continue, also gave judgment on the appeal for him, and adjudged his right to possession, and that he was entitled to process to be put in, and she then delayed his remedy of restitution until his term was about expired; and she now resists a recovery on the bond for the reason that he did not do the very thing which the giving of the bond enabled her to prevent his doing, and which she did prevent his doing.

Having by means of the bond placed herself in a position which enabled her to delay Holcomb in getting possession, which the judgment determined he was entitled to, until his right to go in was substantially terminated by the expiration of his term, and having in fact so delayed him, she now insists that under the statute as explained in *Delashman v. Berry,* Holcomb is cut off from all remedy on the bond for the very reason that he did not obtain actual possession under his judgment.

I think this position cannot be sustained. The legislature could never have intended to require a bond as a condition of appeal, and at the same time have intended that it should be worthless if the appellant after judgment for possession in the appellate court should by mere dilatory action then delay actual restitution to the plaintiff until made impossible as a consequence of the expiration of his term. Any such view would lead to absurdity and gross injustice. It would afford a bounty to trickery. When the plaintiff recovered on the appeal in the circuit court and the defendant refrained from carrying the case further, the former was absolutely entitled to restitution, and all that

remained to be done to give him restitution was absolutely due to him.

No lawful right existed anywhere to deny him.    He had done all that was practicable for him to do, and was not at fault in any way.    He submitted, as he was compelled to submit, so far as the record shows, to the stay obtained by defendant Bonnell, and which without the bond she could not have been in a position to obtain, and she should not be allowed to defeat the bond by setting up his failure to do what she thus made it impossible for him to do.

I think the judgment should be reversed, with costs, and a new trial ordered.

CAMPBELL, and COOLEY, JJ., concurred.