CROCKETT McELROY v. JAMES S. P. HATHEWAY, ICHABOD L. QUIMBY AND CARTER P. HOOKER.

*Accounting by executor in equity—Residuary legatee's bond.*

Where a residuary legatee has given bond, as executor, to pay the testator's debts and legacies, a surety on his bond cannot maintain a bill in equity against him and the co-sureties for an accounting for assets of the estate, the appointment of a receiver, and an administration of the estate by the chancery court.

A surety is presumed to assume his responsibility deliberately, and if his
    principal fails to meet his own obligation with due diligence, he can-
    not appeal to a court of equity for protection, but must first perform
    his obligation as surety, and may then sue at law for indemnity.

Where a residuary legatee is made executor, and gives bond to pay his
    testator's debts and legacies, the assets of the estate become part of
    his general property, and no more subject to the enforcement of a
    trust in favor of other legatees.

Appeal from Macomb. Submitted October 6. Decided
October 20.

BILL for accounting, etc. Bill dismissed below on demur-
rer. Complainants appeal. Affirmed.

*Edgar Weeks* and *Edwin F. Conely* for complainant.

*Norris & Uhl* for defendants.

GRAVES J. In December, 1871, complainant joined as
surety with the defendants Quimby and Hooker on the bond
given by defendant Hatheway pursuant to the statute as
executor and residuary legatee under the will of his father,
Gilbert Hatheway, then lately deceased, and about a year ago
he filed this bill against his principal and co-sureties for dis-
covery and relief in equity.

The final purpose of the bill is to transfer the whole reme-
dial jurisdiction over the settlement of the estate from
the court of probate to the court of chancery, and to compel,
by the authority of the latter court, the executor and residu-
ary legatee and the co-sureties to discover and trace from the
death of the testator to the present time all parts of the estate,
and through a receiver to enforce an absolute surrender by
the executor and legatee, of the whole assets to the court in
order that it may assume to conduct the administration to
final settlement. No such bill can be maintained. The
court has no jurisdiction to override the title of a residuary
legatee in the way and on the grounds set forth and the com-
plainant has mistaken his remedy if he has any.

There may be cases no doubt when the court, proceeding

in accordance with its own maxims and keeping within the limits given to it in this State, would find some way for relieving the surety by hastening the principal and preventing him from using his opportunity to oppress and defraud his surety.

The present bill proceeds on a theory altogether different, and it was properly dismissed.

Cooley, J., concurring. It was decided in *Hatheway v. Weeks* 34 Mich. 237, that when a residuary legatee had given bond to pay the debts and legacies of the testator, the property of the estate became his and he was at liberty to deal with it as he might with any other property of which he was owner. The protection of creditors and legatees was in the bond, and their remedy to sue upon it with permission of the probate court if payment was not made with reasonable diligence.

It seems that Hatheway, the residuary legatee in this case, has not proceeded with promptitude in the payment of the legacies, and McElroy, who is one of his sureties, is unwilling longer to remain responsible for his action. He therefore files this bill, the purpose of which is to bring Hatheway to account in chancery for the assets received from the testator's estate, to have a receiver appointed, the assets applied to the payment of legacies, and the estate fully administered in equity for his protection.

The only equity that can exist in complainant's favor must spring from the relation he stands in of surety to Hatheway and liable to suffer from his principal's default. It is not pretended that this relation is sufficient, in general, to challenge the jurisdiction of equity for the surety's protection. He is supposed deliberately to assume his responsibilities and if the principal fails to meet his obligations with due diligence until the surety deems it necessary to seek a remedy for his protection, he must first perform the obligation he has entered into for his principal, and then sue for indemnity. This is what he must do when he is surety on negotiable paper, or on a money bond, or any similar undertaking. It

will not be claimed that the surety in any such case, when he becomes alarmed at the failure of his principal to pay or perform promptly, can come into equity and compel the principal to turn over his property to a receiver, to be applied to the satisfaction of his undertaking.

The only ground on which this can be distinguished from an ordinary case of suretyship is that here there is a specific fund, received from the estate, which it became the duty of Hatheway to apply to the satisfaction of legacies, and which is charged with a trust to that end. But this is wholly inconsistent with the views expressed in *Hatheway v. Weeks* and with the position of the residuary legatee under the statute, after he has given the bond which was given here. The property he receives does not stand apart from any he may otherwise own, and is not under the supervision, dictation or management of the court of probate, or of any other court, as a trust fund. It is a part of the legatee's general property as much as any he has bought or produced by his labor. The other legatees are neither obliged to look to it for their satisfaction, nor can they follow it specifically and prevent his doing with it whatever his interest may seem to dictate. And if they may not follow and enforce a trust in it, how can the sureties do so? If they say they signed the bond in reliance upon the property received from the estate being applied to their protection, they still make no case that might not be made by any surety in the purchase of a horse or other property, where there was an expectation that the thing purchased would be made use of to raise the means for the discharge of the debt. In short it seems impossible to sustain this bill without assuming a general jurisdiction in equity for the protection of sureties in all cases. We cannot distinguish this case on any grounds, but such as would entitle the parties concerned to demand a regular administration; and that would defeat the purpose of the statute which authorizes the residuary legatee to give bond for the payment of all demands and receive the estate as his own.

The other Justices concurred.