ALBERT MILLER AND ALICE BECKWITH, ADMINISTRATORS, V.
JAMES CLARK.

*Ejectment—Plaintiff entitled to but one judgment—Having deliberately made
his election he is bound thereby—How. Stat. § 7838 construed
—Judgment—Entry at instance of plaintiff, when
presumed.*

1. Plaintiff recovered a verdict, in ejectment, against a claimant of the
property, and about one month afterwards elected to take a judgment
for the possession and restitution of the premises. The value of the
claimant's improvements was assessed by the jury at eight hundred
dollars, and of the land, without such improvements, at twenty-two
hundred dollars. From this judgment the defendant appealed and
the same was affirmed, and the case remanded for further proceed-
ings in the court below. Thereupon the plaintiff elected, under
How. Stat. § 7838, to abandon the premises to defendant and took
judgment for the value, as estimated by the jury, from which judg-
ment defendant appeals.

   *Held*, that the plaintiff was entitled to but one judgment, in eject-
   ment, and having made his election, after due deliberation, must
   stand by the selection thus made.

2. Where the record of the court shows that a plaintiff was represented
therein on the day a judgment was entered in his favor, and con-
sented to granting defendant time in which to settle a bill of excep-
tions, and obtained time on his own part for the same purpose,

   *Held*, that it will be presumed that he had knowledge of the judg-
   ment, and was the moving party in its entry.

Error to Bay. (Green, J.) Argued February 9 and 10,
1886. Decided February 17, 1886.

Ejectment. Defendant brings error. Reversed.

*Shepard & Lyon*, for appellant :

Plaintiffs were not entitled to two judgments, and having
elected to take one for possession of the premises, must stand
by it : *Rawson v. Parsons*, 6 Mich. 401; *Bertram v.
Cook*, 44 Mich. 397.

*Simonson, Gillett & Courtright* and *Isaac Marston*, for plaintiffs:

" A writ of error is in the nature as well of a certiorari to remove a record from an inferior to a superior court, as of the commission to the judges of the superior court to examine the record and affirm or reverse the judgment according to law :" *Teller v. Wetherell*, 6 Mich. 49 ; 2 Green Prac. 857. It lies only from a final judgment, or determination, and if either party desires the writ he may move for judgment even against himself : Id. 858. But such a judgment is not to be understood as a final determination of the rights of the parties, but of the particular suit : Id. 858–9. In ejectment, the writ of error removes the action to the supreme court, and it is the judgment of *that* court that is to be carried into effect : How. Stat. § 7849. The judgment entered in the circuit court is a provisional one, to enable the parties to have their rights finally determined : *O'Blinskie v. Judge of Kent Circuit Court,* 34 Mich. 63 ; and it is only where the rights of the parties have been finally determined, that the election provided for in How. Stat. §§ 7838–9, can be exercised. They are substantial rights and can only be established when the right to the land is fixed by a *final* judgment. All action, anterior to that, is provisional, and comes within the principle laid down in case last cited, and the time for election and of payment can only run from the date of such final determination. The judgment below is not necessarily final for any purpose. By affirmance, on writ of error, it becomes the judgment of the appellate court, (How. Stat. § 7849) and by reversal, a nullity.

Morse, J. Plaintiffs brought ejectment to recover possession of a piece of land. Defendant filed a claim for improvements, and plaintiffs then filed a request to have the value of the premises determined.

March 15, 1884, the jury rendered a verdict in favor of plaintiffs, and found the value of the improvements to be $800, and the value of the premises, without such improvements, to be $2,200.

On the fifteenth day of April, 1884, judgment in the ordinary form for restitution of the premises was entered, and an order entered, as appears by the record, upon the consent of plaintiffs' attorneys, that defendant have 40 days in which

to settle a bill of exceptions, and that in the mean time execution upon the judgment be stayed, and that plaintiffs also have the same number of days to settle exceptions.

Both parties came to this Court on writ of error, and April 15, 1885, the judgment of the court below was in all things affirmed, and the cause remanded to the circuit court for the county of Bay for further proceedings.

At the next term of said circuit court, after the decision in this Court, and on June 8, 1885, the plaintiffs filed in the cause their election to abandon said premises to said defendant, and July 9, 1885, a judgment was entered in said court for $2,200, the value of the premises as found by the jury in March, 1884, and execution on the thirteenth of the same month was issued upon said judgment for that amount, and the costs, taxed at $39.50.

The defendant brings error, and insists that the judgment cannot stand because :

1. The plaintiffs had before then taken judgment for the possession of the lot, and they were entitled to but one election ; and,

2. The plaintiffs did not make their election on record to abandon the premises to the defendant, Clark, at the term of court at which the verdict was rendered, or at the next term thereafter.

Between the date of the verdict and the filing of the election to abandon, there were held four terms of the Bay circuit court. The judgment for possession of the land has never been vacated. The statute (How. Stat. § 7838) provides :

" If, after the rendition of the verdict, the plaintiff shall at the same or next subsequent term of the Court make his election on record to abandon the premises to the defendant at the value estimated by the jury, then judgment shall be rendered against the defendant for the sum so estimated by the jury, with costs of suit, which judgment shall be a lien upon the premises in question, and execution may issue on such judgment, and be levied upon such premises, and the same may be sold by virtue thereof, in the same manner, and with the like effect, as any other real estate of the defendant."

The only right and authority for the entry of any judgment of this character is derived from this statute; and it would seem, owing to its extraordinary provisions, that it ought to be strictly construed as against the plaintiff.

It is urged, however, by the counsel for the plaintiff, that while the proceedings were pending in this Court upon writ of error, this statute ought to be held as in abeyance, and that the plaintiff, moving his election at the first term of the circuit after the remanding of the case, has substantially complied with its provisions as to the time of filing his election to abandon the premises to the defendant; that the judgment to the court below, not being final, but subject to removal to this Court, and liable to reversal, the statute ought not to run until the final determination here.

We do not consider it necessary to follow the argument in this direction further, or, at this time, to pass upon this view of the statute, as there appears to us to be an insurmountable obstacle in the way of the plaintiff in this particular case. The plaintiff is not entitled to more than one judgment or one election in the cause: *Rawson v. Parsons*, 6 Mich. 408. He must stand by the judgment he has chosen to take: *Bertram v. Cook*, 44 Mich. 399.

The plaintiff must be considered, as the record stands, as having elected to take a judgment for the possession of the premises. It is not entered until one month after verdict, and it would appear that he took sufficient time for deliberation before making his choice, and, having made it, ought to abide by it. He did not appeal to this Court from the judgment so entered. The errors assigned by him were entirely in reference to the finding of the jury as to the value of defendant's improvements. If he had succeeded in destroying that portion of the verdict, it is not at all probable that he would have abandoned his judgment for possession. There is no justice in allowing him to use his privilege and advantage in this way under the statute. The right, which he claims, to take a judgment of possession, to stand as a final judgment in case he succeeds in getting rid of the payment of the sum assessed for the value of the improve-

ments, but to be only provisional in case he fails in such effort, with power to abandon the premises and take a new judgment for their money value, cannot be sustained upon any legal or equitable principles. The statute, as favorable as it is to the plaintiff, gives him only one election, which must be final. It cannot be a provisional one, contingent upon his failure or success in further litigation against the defendant.

It is claimed that the record does not show that the judgment for possession was entered at the instance of the plaintiff; that it might have been entered by the clerk of the court, or even by the defendant, for purposes of appeal to this Court, without the knowledge of the plaintiff or his counsel. The record shows, however, that the plaintiff was represented in court the day the judgment was entered, and consented to the granting of time to defendant to settle the bill of exceptions, and also obtained time on his own part for the same purpose. It must be presumed that he had knowledge of the judgment, and was the moving party in its entry.

The judgment of the court below for the value of the land, against the defendant, is reversed and vacated, with costs.

The other Justices concurred.