62 355
79 155
79 551

JAMES CLARK v. SANFORD M. GREEN, CIRCUIT JUDGE OF BAY COUNTY.

[See 56 Mich. 337; 60 Id. 162.]

*Ejectment—Writ of possession—Payment into court of assessed value of buildings and improvements—Under How. Stat. sec. 7839—Must be made within one year after entry of final judgment for the recovery of the premises—Statutory year does not run pending review of same in Supreme Court.*

Under How. Stat. § 7839, which provides for the payment into court, in an ejectment suit, of such sum as shall be assessed for buildings and improvements, within one year after rendition of the judgment for the recovery of the premises,—

*Held*, that the statutory year runs from the time of entering *final* judgment in the cause, and is suspended pending the removal of the same to the Supreme Court for review.

Mandamus. Submitted June 29, 1886. Denied July 8, 1886.

The facts are stated in the opinion.

*Shepard & Lyon*, for relator.

*Simonson, Gillett & Courtright*, for respondent.

MORSE, J. April 15, 1884, Albert Miller and Luther Beckwith recovered a judgment against the relator, James Clark, and one George Carlyle, in an action of ejectment on the verdict of a jury. The jury found that Clark and Carlyle were guilty of unlawfully withholding the premises described in the declaration, and that the plaintiffs were entitled to hold the same in fee. They further found that Clark was occupying under color of title, and in good faith, and that the value of his improvements was $800, and the value of said premises without such improvements was $2,200.

On the day judgment was rendered the following order was entered:

"On motion of the attorneys for the defendant, plaintiffs' attorneys consenting thereto, it is ordered that the defendant have forty days in which to settle a bill of exceptions, and that in the meantime execution upon the foregoing judgment be stayed, and that the attorneys for the plaintiffs have the same time to settle exceptions."

The cause was removed to the Supreme Court by both parties.

No bond was executed by defendant Clark to stay the execution, and none was issued upon said judgment.

In the bill of exceptions Clark claimed that the record showed no title in the plaintiffs, and the plaintiffs claimed that Clark did not occupy the premises in good faith and under color of title, and therefore was entitled to nothing for improvements.

April 15, 1885, the Supreme Court affirmed the decision of the court below. *Miller v. Clark*, 56 Mich. 337.

June 8, 1885, the plaintiffs filed their election in said cause to abandon said premises to the relator, James Clark, at the value estimated by the jury, and on the ninth day of July, 1885, upon motion of the plaintiffs, a judgment was rendered in the circuit court in favor of the plaintiffs, and against said Clark, for the sum of $2,200.

Clark removed said cause to this Court again, giving a bond to stay execution.

February 17, 1886, we reversed said last-named judgment. *Miller v. Clark*, 60 Mich. 162.

The $800 found to be the value of the improvements was not paid until the ninth day of April, 1886, when the said sum, with interest from the date of the judgment, was paid in to the clerk of the circuit court.

May 4, 1886, the plaintiffs caused an execution to be issued upon the judgment rendered April 15, 1884, which execution was delivered to the sheriff, with directions to deliver possession of the premises to plaintiffs.

On the sixth day of May, 1886, the relator, by his counsel,

moved the circuit court that an order be entered recalling said execution and writ of possession. This motion was heard and denied June 1, 1886. We are now asked to issue the writ of *mandamus*, directing the circuit judge to enter an order recalling said execution, and perpetually staying the issuing of any execution upon the said judgment rendered April 15, 1884.

The statute (How. Stat. § 7839) provides that—

"If the plaintiff shall not elect to abandon the premises to the defendant, he shall, within one year after the rendition of the judgment for recovery of the premises, pay to the clerk of the court, for the use of the defendant, such sum as shall have been assessed for the buildings and improvements, with interest thereon; and no writ of possession shall issue on the judgment rendered on the verdict, nor any new action be sustained for the land, until such sum is paid; and a default to pay to said clerk as aforesaid shall be deemed an abandonment of all claim of title to the premises, and be a bar to the recovery thereof."

We held when the case was before us the last time (60 Mich. 162) that the plaintiffs must be considered as having elected to take a judgment for the possession of the premises, as they entered such judgment, and only appealed to this Court from the award of the value of the improvements by the jury. The question now arises as to when the one-year limit prescribed by the statute begins to run. The relator claims it commenced at the date of the entry of the judgment, April 15, 1884, while the plaintiffs insist that the time was held in abeyance while the cause was removed to and pending in this Court, and until the judgment of this Court affirming the judgment below, which was of date April 15, 1885.

It seems to me that the judgment intended by the statute is the *final* judgment in the cause, and that there was no *final* judgment in this case until April 15, 1885.

There can be no good reason for a technical construction of this statute, which would require a payment for these improvements into court before it was finally adjudicated that there were any improvements to be paid for, or determined what the final judgment would be in the cause. Upon the

writ of error, for instance, in this case, the judgment in favor of plaintiffs might have been reversed, or it might have been determined there was no error in the judgment as to the title, but that the defendant was not entitled to any pay for improvements. In either case the payment of the $800 and interest into court would have been entirely unnecessary and superfluous.

I think the time in this case should run from the fifteenth of April, 1885, and that the payment was in time.

The writ is therefore denied, with costs against the relator.

The other Justices concurred.