THE ESTEY MANUFACTURING COMPANY v. CARLTON K. RUNNELS, ET AL.

[See 55 Mich. 130.]

*Forcible detainer—Bond on appeal—Recovery for rent.*

1. On affirmance, on appeal, of a commissioner's judgment in favor of a plaintiff under the forcible detainer statute, he may in *all* cases recover his costs in a suit on the appeal-bond; and if his right to possession is terminated before restitution could be had by the legal proceedings, he can also recover for rent during his term. *Holcomb v. Bonnell*, 32 Mich. 9.[1]

2. The case of *Delashman v. Berry*, 21 Mich. 516, is distinguished from *Holcomb v. Bonnell*, 32 Id. 9, in that in the *former* case no reason was shown why the plaintiff did not sue out and enforce his writ of possession, it being evident that the time during which rent was recoverable might depend on how long he was *actually* kept out by the defendant.

Error to Shiawassee. (Newton, J.) Argued October 6, 1887. Decided October 20, 1887.

Assumpsit on appeal-bond given under forcible detainer act. Plaintiff brings error. Judgment sustaining demurrer to declaration reversed, and demurrer overruled, with leave to defendants to plead under the rule. The facts are stated in the opinion.

*Lyon & Hackleman,* for appellant.

*Hugh McCurdy,* for defendants.

CAMPBELL, C. J.   Plaintiff, having purchased on execution the equity of redemption of certain property in Shiawassee county owned by defendant Runnels, and previously mort-

---

[1]See *Bauer v. Wasson,* 66 Mich. 256 (head note 2); *Cummerford v. Paulus,* Id. 648.

gaged to Mrs. Eva Passmore, brought statutory proceedings before a commissioner to obtain possession, and got judgment of possession, which was appealed, and finally came from the circuit court of Shiawassee county to this Court, where it was affirmed.[1] The present suit is on the appeal-bond for rent during the time plaintiff was kept out.

It was the usual statutory bond, which provided that,—

"If the above-bounden Carlton K. Runnels shall prosecute his said appeal with all due diligence to a decision in said circuit court, and, if a judgment be rendered against him in the said circuit court, shall pay the amount of such judgment, with interest thereon; and that, if the said Estey Manufacturing Company obtain restitution of said premises in said suit, the said Carlton K. Runnels will forthwith pay all rent due or to become due the said Estey Manufacturing Company for the said premises heretofore and in the complaint in this cause described, up till the time the said Estey Manufacturing Company shall obtain possession thereof, together with costs of suit in prosecuting said complaint and obtaining restitution of said premises; and, in case the said appeal shall be discontinued or dismissed, if the said Carlton K. Runnels shall pay the amount of judgment rendered against him in said cause, and such rent as above mentioned, and all costs, with interest thereon,—then this obligation to be void," etc.

The declaration sets out the proceedings resulting in the affirming to this Court of the judgment of restitution, and the costs adjudged by the various courts, but that the mortgage to Mrs. Passmore was foreclosed, and the equity of redemption expired May 11, 1884, pending the appellate proceedings, thereby terminating plaintiff's right. It sets out as a breach the non-payment of the judgments for costs, and the non-payment of rent to the time when plaintiff's title ended.

This declaration was demurred to, on the ground that no action would lie upon it without recovery of actual restitution, which was rendered impossible by the expiration of

---

[1] See *Estey Manufacturing Co. v. Runnels,* 55 Mich. 130.

plaintiff's title.   The circuit court sustained the demurrer upon the supposed authority of *Delashman v. Berry*, 21 Mich. 516.

The bond is not made to depend at all on any question of restitution, except as to rent.   It is absolute to pay any judgment for money, with interest, and plaintiff could at all events recover the costs adjudged in its favor.   This would necessarily prevent the declaration from being demurrable; for, if any recovery could be had for any sum, the action lies on the bond, and could stand for such breaches as are made out.

But, in our opinion, the rent is also recoverable.   The case of *Delashman v. Berry* was one where (as pointed out in *Holcomb v. Bonnell*, 32 Mich. 9) no reason was shown why plaintiff did not sue out and enforce his writ of possession, and it is evident that the time during which rent was recoverable might depend on how long he was actually kept out by the defendant.   But the present case is precisely similar in principle to *Holcomb v. Bonnell*, where it was expressly held that, if plaintiff's right to possession ended before restitution could be had by the legal proceedings, the right of recovery existed for rent during his term.   If this were not so, a defendant could always defeat plaintiff by going into an appellate court, whether prevailing on appeal or not.   This, as shown in *Holcomb v. Bonnell*, would defeat the purposes of the statute requiring security for rent.   As the latter decision is in point, we need not discuss the matter further.

Judgment must be reversed, with costs, and the demurrer overruled, and defendants plead to the declaration within the time allowed by rule, or be defaulted.

The other Justices concurred.