JOHN WILLIAMS v. THE CIRCUIT JUDGE OF OTTAWA
COUNTY.

*Ejectment—Suggestion of claim for damages—Vacation of judgment—Nonsuit.*

1. On the vacation of a judgment in ejectment in favor of the plaintiff, his suggestion of a claim for damages, made and filed under How. Stat. § 7830, dies with the judgment.

2. The judgment referred to in How. Stat. § 7830, which provides for the filing by a plaintiff in ejectment of a suggestion of a claim for damages, is the *final* judgment in the cause, which does not relate back to any other judgment recovered by the plaintiff. *Clark v. Circuit Judge,* 62 Mich. 355.

*Mandamus.* Submitted January 30, 1890. Denied February 20, 1890.

Relator applied for *mandamus* to compel respondent to set aside a judgment of nonsuit, etc. The facts are stated in the opinion.

*Arthur Jones (F. W. Cook,* of counsel), for relator.

*Bunker & Carpenter,* for respondent.

MORSE, J. This is an application for a writ of *mandamus,* directing the respondent to set aside a judgment of nonsuit, voluntarily assented to by the relator, in the circuit court for Ottawa county, in a suit in which the said John Williams was plaintiff and Albert Towl and Mary Towl defendants.

The facts upon which the application is grounded are conceded to be as follows: June 19, 1886, Williams recovered judgment in the circuit court for Muskegon county in an action of ejectment brought by him against the Towls to recover possession of certain premises located

in the city of Muskegon.  This judgment was vacated on June 2, 1887, by the circuit judge on application of the defendants, who claimed their statutory . right to a new trial.  Before this time, and on December 30, 1886, Williams had duly filed his suggestion of claim for damages against the defendants for rents and profits of the premises involved, to which suggestion the defendants had pleaded *non-assumpsit*.  On March 21, 1888, another trial was had in the ejectment suit, and final judgment rendered for Williams, the plaintiff in that suit and relator here.  June 21, 1888, the defendants in the said suggestion filed and served a notice, under circuit court rule 106, that they would on the trial show, under their plea, and insist in their defense, that, subsequent to the joining of issue on the said suggestion, the judgment upon which said suggestion had been filed was vacated and set aside, which vacation was an abatement of plaintiff's action.  Later on, a change of venue was obtained to Ottawa county, and when the suggestion came on for trial, August 8, 1889, the circuit judge sustained the position of the defendants, and the plaintiff submitted to a nonsuit, with leave to move within 30 days to set the same aside.  Such motion was subsequently made, and denied by the court November 6, 1889.  It also appears that after the entry of the second and final judgment in ejectment, and on March 21, 1889, Williams filed another suggestion of damages upon that judgment.

The circuit judge was right.  The statute provides that—

"The plaintiff seeking to recover such damages shall, within one year after the docketing of the judgment, make and file a suggestion of such claim, which shall be entered, with the proceedings thereon, upon the record of such judgment, or be attached thereto as a continuation of the same."  How. Stat. § 7830.

This judgment must be the final judgment in the cause, which final judgment does not relate back to any other judgment taken in the cause. For a construction of the statutes in ejectment upon a similar question, see *Clark v. Circuit Judge*, 62 Mich. 355 (28 N. W. Rep. 894). We there held that the judgment in ejectment, referred to in section 7839 of Howell, relating to payments for improvements made on the recovered premises, must be considered the *final* judgment, and that, too, in a case where the first judgment in the circuit was not vacated or set aside, but affirmed on appeal to this Court; and the judgment in this Court was held to be the final judgment. In the present case the judgment upon which the suggestion was based was dead, and the suggestion died with it.

The writ is denied, with costs against the relator.

CHAMPLIN, C. J., CAMPBELL and GRANT, JJ., concurred. LONG, J., did not sit.