## GRASHAW v. WILSON.

1. ACTION ON APPEAL BOND — AVERMENT OF BREACH — SUF-
FICIENCY.

   A judgment for restitution of leased premises was rendered
   against W. and F. for nonpayment of rent, for which both
   were liable under their lease. W. alone appealed, and gave
   a bond conditioned that he would pay all rent due and to
   become due if the plaintiff should recover. On appeal the
   plaintiff obtained a judgment of restitution, but no part of
   the rent was paid, and he brought an action on the bond
   against W. and his sureties. The declaration averred that a
   large amount of rent was due from W. and F., and that they
   refused to pay it. *Held*, that this averment was a sufficient
   assignment of the breach of the bond to enable plaintiff to
   recover.

2. SAME—EVIDENCE—FILES OF ORIGINAL SUIT.

   In an action upon a bond given on appeal from a judgment
   for the restitution of leased premises, conditioned for the
   payment of rent in case plaintiff should recover, it was
   proper to admit in evidence the files and records in the
   original suit, though one of the defendants therein did not
   join in the appeal.

3. LEASE—WRITING—VARIATION BY PAROL.

   The terms of a written lease cannot be varied by proof of a
   prior or contemporaneous verbal agreement.

4. SUMMARY PROCEEDINGS—JUDGMENT OF RESTITUTION — DELAY
IN TAKING OUT WRIT.

   Where plaintiff in summary proceedings waited 14 days after
   recovering judgment, upon defendant's appeal from a com-
   missioner's judgment, without taking out a writ of restitu-
   tion, at the expiration of which time defendant voluntarily
   surrendered the premises, there was no such delay as to
   deprive plaintiff of his action upon the appeal bond, condi-
   tioned for the payment of accrued rent in case he should
   "obtain restitution * * * upon the said appeal."

Error to Baraga; Haire, J., presiding. Submitted Feb-
ruary 6, 1900. Decided March 13, 1900.

*Assumpsit* by Thomas Grashaw against Robert Wilson, principal, and John Falk and others, sureties, upon an appeal bond. From a judgment for plaintiff on verdict directed by the court, defendants bring error. Affirmed.

*Button & Culver*, for appellants.

*E. J. Mapes*, for appellee.

LONG, J. In April, 1896, the plaintiff executed a lease in writing to Robert Wilson and Herman Falk of certain premises in said lease described for hotel and saloon purposes, at a rental of $100 per month. The lease does not state the day of the month when it was executed. The lessees entered into possession, and in February, 1897, the rent being in arrears, the plaintiff commenced proceedings before a circuit court commissioner against both lessees for restitution of the premises. March 2, 1897, judgment of restitution was rendered by the commissioner. Robert Wilson alone appealed from this judgment. He gave a bond on appeal, the penalty of which is $2,400. It recited the rendition of the judgment by the commissioner in favor of Thomas Grashaw for the restitution of the premises. The conditions of the bond are as follows:

"That if the said Thomas Grashaw shall obtain restitution of the premises described in the aforesaid complaint in the said suit upon the said appeal, if the said Robert Wilson shall forthwith pay all the rent due or to become due to the said plaintiff for the said premises up to the time when the said plaintiff shall obtain possession thereof, then this bond shall be null and void."

This bond was signed by John Falk, Matt Menzghor, and Peter Girard, the defendants here, as sureties; and they each justified their responsibility on oath before the commissioner. The cause was tried in the circuit court, and a judgment of restitution rendered in form against both lessees. No process for restitution of the premises was issued, but after the expiration of the term the lessees

voluntarily moved out. This action is brought upon the bond given before the commissioner.

The cause was tried before a jury. The defendants, by their counsel, objected to the introduction of any testimony under the declaration, for the reason that the declaration describes the bond as one given in a cause brought by the plaintiff against Robert Wilson alone, conditioned that said Wilson should forthwith pay all rent due or to become due up to the time the plaintiff should obtain possession of the premises, while for a breach of said bond it alleged that rent was due from Wilson and Falk as copartners, and the breach consisted in their not having paid rent. This objection was overruled by the court, and exception taken. This ruling constitutes the first assignment of error. It is contended that the assignment of a breach of a bond must correspond to the condition thereof, or no cause of action is stated.

It appears that while Wilson and Falk signed the lease, and suit before the commissioner was commenced against both, and judgment rendered against both, yet Wilson alone appealed and gave the bond. The suit on the bond is against Wilson and his sureties. The declaration recites the giving of the bond and its conditions, the trial in the circuit court of the cause in which it was given, the rendition of judgment against Wilson, and that the judgment still remains of force and effect. For breach of the condition of the bond it is averred that "a large amount of rent was due from said Wilson and one Herman Falk, as partners, for the rent of the premises described in said complaint, to secure the payment of which said writing obligatory was executed; and avers that neither the said Robert Wilson nor said Falk has at any time, although often requested so to do, paid the amount of rent due to said Thomas Grashaw," etc.

Wilson had the right to appeal independent of Falk. The judgment before the commissioner was against the two, and Wilson appealed. So far as the proceedings in the circuit court were concerned, Falk stood convicted of

unlawfully withholding the premises. Both stood convicted of wrongfully failing to pay the rent in accordance with the terms of the lease. Wilson alone took the appeal and gave the bond, and it was the condition in the bond that, if the plaintiff obtained restitution, the sureties were to pay the rent. It did not matter from whom the rent was due, whether from Wilson alone or from Wilson and Falk. Under the lease the rent was due from Wilson and Falk. Under the bond the rent was to be paid "if the plaintiff obtained restitution." We think the assignment of the breach corresponded to the condition of the bond with sufficient certainty to enable the plaintiff to recover for the breach. The conditions of the bond are set out substantially in the declaration, and the defendants were fully advised of such conditions, and what the claimed breach was. They were not misled by the pleadings, and we think the objection too technical to warrant a reversal of the case.

The second assignment of error is based upon the ruling of the court in admitting in evidence the files and records in the case of Grashaw against Wilson and Falk. We think the court was not in error in permitting them to be introduced in evidence.

The defendants gave notice under the plea of the general issue that they would show on the trial that, at the time of making the lease, it was orally agreed, as a part of the consideration of said lease moving from plaintiff to defendants Wilson and Falk, that said plaintiff would repair the building mentioned, in the lease, build new floors over the saloon, and renovate, clean out, and repair the water-closet upon the premises; that said plaintiff failed to fulfill his agreement in that respect, and that, in consequence thereof, the said premises, during all the period aforesaid, were untenantable, dangerous to health, and not fit for the purposes for which the same were leased; that, at the time of giving said lease, the water-closet upon said premises was in a foul condition, deleterious to health, and a public nuisance, and rendered the said

premises unfit for the purposes for which they were leased; that, during the month of June subsequent to the giving of said lease, the said defendants Wilson and Falk threatened to leave said premises because of the condition thereof, and threatened to refuse to pay any more rent, and that then and there the said plaintiff, in consideration that said defendants Wilson and Falk would remain in said premises, and pay the rent in said lease stipulated, agreed to repair said building and renovate said watercloset; that said defendants Wilson and Falk, relying upon said promises, then and there agreed to remain in said premises, and pay the rent in said lease stipulated, and did then and there pay plaintiff a large sum of money, which they would not have paid were it not for the promises of plaintiff aforesaid; that the plaintiff neglected and failed to perform the conditions of his agreement as aforesaid; that, defendants would recoup their damages. On the trial the defendants sought to show the facts set out in this notice. This was objected to, and the objection sustained. The court was not in error in refusing to admit the testimony offered on this branch of the case. The offer of evidence showed that the lessees knew the condition of the premises at the time the lease was signed, and that the lessor agreed to repair. The terms of the written lease could not be varied by proof of a prior or contemporaneous verbal agreement. *Cohen* v. *Jackoboice*, 101 Mich. 409 (59 N. W. 665), and cases there cited.

The court was asked to charge that the plaintiff, having failed to prove that restitution of the premises was obtained under and by virtue of said proceedings brought for the restitution thereof, could, therefore, not recover. This was refused. The judgment for restitution was rendered April 16, 1897. Plaintiff recovered possession April 30th. No writ of restitution was issued, but on that day the defendants voluntarily surrendered possession. There was no unreasonable delay, and we think the court was not in error in refusing this charge. *Holcomb* v. *Bonnell*, 32

Mich. 6; *Estey Manfg. Co.* v. *Runnels*, 67 Mich. 310 (34 N. W. 581).

We find no error in the case, and the judgment must be affirmed.

The other Justices concurred.