VOSBURGH *v.* MIDDLEDITCH.

1. STIPULATIONS — TEMPORARY INJUNCTION — BOND — DISCONTINUANCE.

 In a suit by the sureties on a public contractor's bond to restrain the payment of money to the contractor, due on a county building, and to apply it to the payment of materialmen, a stipulation dissolving the temporary injunction conditioned upon the filing of a bond to pay any judgment recovered by said sureties against the contractor did not discontinue the suit; it being the intention that the bond and stipulation should be substituted temporarily for the money pending decree in the cause.

2. APPEAL AND ERROR—ACCEPTING APPELLANTS' VIEW NOT ERROR.

 Where appellants, in a suit to restrain a county from paying money to a contractor, alleged in their sworn amended

bill of complaint that the money was still held by the county, although it had been paid to the contractor and a stipulation and bond substituted, they may not complain because the trial court accepted their view of the situation.

3. EQUITY—PRINCIPAL AND SURETY—RIGHT OF SURETY TO PROTECTION—PUBLIC CONTRACTOR'S BOND—COUNTIES.

The sureties on a public contractor's bond have the right to go into a court of equity to restrain the county from paying a balance due to the contractor on the ground that materialmen have not been paid and that the contractor is not financially responsible, although the sureties have not yet been called upon to make good any deficiency.

4. PRINCIPAL AND SURETY—STATUTORY BOND—WRONG OBLIGEE DOES NOT VOID BOND—COUNTIES.

A bond given by a public contractor under the provisions of 3 Comp. Laws 1915, § 14827 *et seq.*, was not void because naming the county as obligee therein instead of the people of the State.

5. SAME—PLEADING—ADMISSIONS—WAIVER—COUNTIES.

Where the sureties in their amended bill admitted the validity of the bond and their liability thereon, any defect in naming the county as the obligee rather than the people of the State was waived.

6. SAME—PAYMENT—APPLICATION OF PAYMENTS.

In the absence of direction by the contractor as to how payments should be applied, the sureties on his bond could not complain that the materialman applied part of same in cancellation of an antecedent indebtedness, especially where the amount still owing the contractor by the county, which they had impounded, was greater than the judgment against them.

Appeal from Lapeer; Williams (William B.), J. Submitted April 27, 1921. (Docket No. 34.) Decided June 6, 1921.

Bill by Cuthbert L. Vosburgh and another against Bert F. Middleditch and others to enjoin the payment of a sum due under a building contract. A. Harvey's Sons Manufacturing Company was permitted to in-

tervene claiming an amount due for materials furnished under the contract.    From a decree for intervener, plaintiffs and defendant Middleditch appeal. Affirmed.

*Herbert W. Smith,* for plaintiffs.

*B. F. Reed,* for defendant Middleditch.

*Henry B. Graves,* for intervener.

CLARK, J.    The county of Lapeer contracted with Middleditch to furnish certain labor and materials for erecting a county building.    Vosburgh and Haller were the sureties on his bond to the county for the performance of the contract and the payment of the laborers and the materialmen.    A. Harvey's Sons Manufacturing Company (hereinafter called the company) furnished materials.    After the completion of the work and before settlement with the county the company notified the sureties of the amount due for materials and threatened suit.    Upon the settlement with the county there was found due Middleditch a balance of $1,150.    Vosburgh on May 22, 1918, filed his bill of complaint against Middleditch and against Dickerson, county clerk, and Bohnsack, county treasurer, to restrain the payment of the money to Middleditch and to apply it to the payment of the account of the company, setting forth substantially the facts aforesaid and that Middleditch had said he would not pay the claim of the company but would leave it for the sureties to pay, and upon information and belief that Middleditch was about to leave the State.    A temporary injunction was issued and served on the defendants.

Nothing further was done until May 28, 1919, when it was stipulated by counsel that upon the filing of a bond

"conditioned to pay any judgment or decree that the said Cuthbert L. Vosburgh and John G. Haller may recover against the said Bert F. Middleditch in the above entitled cause, the injunction issued in the above entitled cause be and the same is hereby dissolved and the said county clerk and county treasurer may issue an order for and pay to the said Bert F. Middleditch whatever money is now due him on his said contract with the county of Lapeer."

A bond so conditioned was filed and the money was paid to Middleditch.

On June 4, 1919, Vosburgh and Haller filed an amended bill of complaint praying the same relief and repeating substantially the allegations of the bill including an allegation that said money was still held by the county and further alleging that Middleditch was financially irresponsible. September 8, 1919, the company upon petition was permitted to intervene and to file answer and cross-bill by which an indebtedness of $1,098.63 against Middleditch for said materials was claimed, and in which it was prayed that the said sum of $1,150 be decreed to be paid to the company.

The amended bill of complaint was answered by the defendants and Haller's becoming a plaintiff was not questioned. The cross-bill was answered. Defendant Middleditch moved to dismiss the bill of complaint chiefly on the ground that the bill did not state a case for equitable relief and that there was an adequate remedy at law. The motion was denied. The court found that the county officers upon a valid stipulation had paid the sum of $1,150 to Middleditch, found that there was due the company from Middleditch including interest $907.55, and decree for the payment of the amount so found due was entered against defendant Middleditch and the sureties, Vosburgh and Haller, all three of whom have appealed.

1. It is claimed that by the making and filing of the

stipulation dissolving the temporary injunction a discontinuance of the cause was accomplished.

After the stipulation above quoted and the accompanying bond had been made and the money paid by the county officers to Middleditch, two of the appellants, the plaintiffs, alleged in their sworn amended bill of complaint that the money was still held by the county, and the remaining appellant, Middleditch, in answering the amended bill of complaint admitted such allegation. It was the intention of the appellants that the bond and stipulation should be substituted temporarily for the money pending decree in the cause and that in case of need the money would be forthcoming. The stipulation did not discontinue; it avoided such thought and recognize *l* that a decree might later be entered in the cause. Appellants may not complain because the trial court accepted their view of the situation.

2. Citing *McElroy* v. *Hatheway*, 44 Mich. 399, and *Nash* v. *Burchard*, 87 Mich. 85, it is said that the bill does not state a case for equity, that there is an adequate remedy at law, and that the sureties before appealing to equity must perform their obligation and then sue at law for indemnity. But it is said in *McElroy* v. *Hatheway*, *supra:*

"There may be cases no doubt when the court, proceeding in accordance with its own maxims and keeping within the limits given to it in this State, would find some way for relieving the surety by hastening the principal and preventing him from using his opportunity to oppress and defraud his surety."

The rule in most jurisdictions is stated in 32 Cyc., p. 248:

"After maturity of the debt, although the surety has not been troubled by the creditor, he has the right, before payment, to go into a court of equity, at any time, to compel payment of the debt by the prin-

cipal, or from the estate of the principal, or to be secured against loss. The doctrine in such cases rests upon the simple right, as between the principal and surety, that the surety has to be protected by the principal."

The case at bar is distinguishable from the cases cited. We think the amended bill states a case for equitable relief.

3. It is urged that the temporary injunction was not prayed for in the bill and was void and that therefore the stipulation dissolving it and the bond were likewise void. There is no merit in this contention. No motion to dissolve was made. The stipulation treated the temporary injunction as valid. And this is unimportant because, as we have seen, the appellants, sureties, alleged in their amended bill, after the bond and stipulation, that the money was still held by the county and Middleditch admitted the allegation.

4. It is contended that the bond signed by the appellants, sureties, and appellant Middleditch as principal is void as not following statutory requirements and in naming as obligee the county of Lapeer instead of the people of the State. See 3 Comp. Laws 1915, § 14827 *et seq.* A sufficient answer to this is that in the amended bill of complaint of the appellants, sureties, and in the answer thereto of appellant Middleditch the validity of the bond and the liability thereon are admitted. It may be added that the bond was sufficient under the statute and was not invalid for the naming of the county as obligee. See *Board of Education* v. *Grant,* 107 Mich. 151.

5. When the furnishing of the materials was begun Middleditch owed the company about $800 on old account, and this item with items for materials furnished for the county building, and it seems, some other items, were charged into one general account. It was claimed that certain payments by Middleditch

should have been applied to the payment of charges for materials for the county building. The trial court found correctly that Middleditch had directed that one payment be applied toward payment for such materials but that there had been no direction for application of the other payments and that the company had the right, which was exercised, to apply such payments, and in support of this the court cited *People* v. *Powers*, 108 Mich. 339, where it was held, quoting from syllabus:

"The liability of the sureties on such a bond is not affected, as against the claim of a materialman, by the fact that the latter has received payment for an antecedent indebtedness against the contractor out of funds realized by him under his contract."

And the claim as to the application of payments, urged for the benefit of the sureties, is here of doubtful merit for Middleditch owed the company, as the court found, but $907.55, while there was impounded of the funds due Middleditch from the county the sum of $1,150 with which to pay it.

The decree is affirmed, with costs to the company against appellants.

STEERE, C. J., and WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.    MOORE, J., did not sit.