AUGUST *v.* COLLINS.

1. PRINCIPAL AND SURETY—NOT NECESSARY TO ATTACH COPY OF BOND—COURT RULES.

In action on bond given on appeal from judgment of restitution, it was not necessary, under former Circuit Court Rule No. 21, § 6, to attach copy of bond to declaration as exhibit.

2. SAME—SUFFICIENCY OF DECLARATION—AMENDMENT.

Where, in action on bond given on appeal from judgment of restitution, it clearly appeared from declaration that plaintiffs' claim for damages was based on rental value of premises, declaration stated cause of action not barred by statute of limitations, and therefore amendment thereof claiming rental value of premises during time defendants unlawfully retained possession was not barred (3 Comp. Laws 1929, §§ 14118, 14144).

3. SAME—FAILURE TO ALLEGE THAT PLAINTIFF OBTAINED RESTITUTION—VOLUNTARY SURRENDER.

Recovery on appeal bond may be had, notwithstanding failure of declaration to allege that plaintiff obtained restitution, where it appears from record that writ of restitution issued was not executed because there was voluntary surrender of possession.

4. SAME—STATUTORY BOND—FAILURE TO NAME WIFE AS OBLIGEE.

Where husband and wife as plaintiffs in summary proceedings before circuit court commissioner obtained judgment of restitution, bond given by defendants pursuant to 3 Comp. Laws 1929, § 14987, to stay proceedings thereon inured to wife as well as husband, although, through inadvertence of defendants' attorney, husband was only obligee named therein.

5. SAME—WHAT INCLUDED IN STATUTORY BOND.

Where bond is given under authority of statute, that which is not expressed but should have been incorporated, is included in bond.

6. SAME—UNINTENTIONAL OMISSION OF STATUTORY REQUIREMENT.
  Unintentional omission from bond, given on appeal from judg-
    ment of restitution, of words "or the rental value thereof,"
    insertion of which is required by statute, in no way changes
    obligation of sureties thereunder (3 Comp. Laws 1929,
    § 14987).

Appeal from Wayne; Merriam (DeWitt H.), J.
Submitted June 16, 1932. (Docket No. 7, Calendar
No. 35,885.) Decided October 3, 1932.

Assumpsit by Isaac August and another against
James J. Collins and others on an appeal bond.
From order granting motion to dismiss, plaintiffs
appeal. Reversed, and remanded.

*Samuel Shimans,* for plaintiffs.

*McLeod, Fixel, Abbott & Fixel,* for defendant
Cohane.

*Charles F. Meyler,* for defendant Smilay.

SHARPE, J. Plaintiffs took proceedings under sec-
tion 14795 *et seq.,* 3 Comp. Laws 1929, before a
circuit court commissioner to recover possession of
certain real estate in the city of Detroit, which they
had contracted to sell to the defendant Collins, for
his failure to make the payments provided for
therein, and obtained a judgment of restitution on
August 2, 1923. The Barnard Toy Company, to
which Collins had assigned his contract, was made
a party thereto. An appeal therefrom was taken
by the defendants therein to the circuit court, where
a judgment of restitution was entered on April 22,
1924, and a finding made that there was due plain-
tiffs the sum of $8,655, and that they were entitled
to recover $56.65, costs of suit. On appeal to this

court, submitted on June 23, 1927, and decided on July 29th of the same year, this judgment was affirmed. *August .v. Collins,* 240 Mich. 23.

On taking the appeal to the circuit court, the defendants, pursuant to section 14987, executed a bond, with themselves as principals and the defendants Smilansky and Cohane as sureties, in the sum of $20,000, conditioned that the principals therein—

"shall prosecute said appeal with all due diligence to a decision in said circuit court, and if a judgment shall be rendered against him in said court, shall pay the amount of said judgment, including the costs of said appeal, and in case the said appeal shall be dismissed, if the said Barnard Toy Co., a Michigan corporation, and J. J. Collins shall pay the costs of said appeal, then this obligation to be void, otherwise to remain in full force and virtue."

It also contained the following:

"The further condition of this obligation is such, that in case the said Isaac August shall obtain restitution of the premises described in this complaint in this suit, if the said Barnard Toy Co., a Michigan corporation, and J. J. Collins shall forthwith pay all the rent due or to become due this complainant for the premises above described up. to the time said complainant shall obtain restitution thereof, then this obligation to be void, otherwise to remain in full force and virtue."

Isaac August, alone, was named as the obligee therein. It does not appear that any bond was filed on appeal to this court.

On September 20, 1924, plaintiffs brought this action to recover upon the appeal bond. In their declaration first filed, on November 11, 1924, they alleged the execution of the contract, attaching a copy thereto; its assignment to the Barnard Toy

Company; the default in making payment there-
under; its forfeiture; the proceedings before the
circuit court commissioner and the recovery of judg-
ment of restitution; the appeal of the defendants to
the circuit court and the filing of the bond sued
upon (numbered 24,934); the trial in the circuit
court on April 22, 1924, wherein plaintiffs recovered;
that a writ of restitution was duly issued "on or
about the 20th day of May, 1924;" that the defend-
ants were in possession to the exclusion of plaintiffs
until the first day of August, 1924, a period of 14
months; that plaintiffs have sustained damages for
the loss of 14 months' rent at $1,000 per month;
mortgage tax paid, $405, and costs $56.65.

In proceedings thereafter had, in which the de-
fault of some of the defendants was set aside, the
plaintiffs were, by order of the court, permitted to
file an amended declaration. They did so on Janu-
ary 11, 1928. A copy of the bond was annexed there-
to and claim made that under it the plaintiffs were
entitled to the rental value of the premises during
the time the defendants unlawfully retained posses-
sion thereof.

The case came on for hearing before the court
without a jury on April 29, 1931, and, on plaintiffs'
motion, the claim for rent was changed to expire
on July 1, 1924, instead of October 1, 1924, as stated
in the amended declaration. After much argument
and colloquy of counsel as to the sufficiency of the
declaration, the matter was taken under advisement
by the court.

On May 18, 1931, the defendants filed a motion
to dismiss, for the reason that the declaration first
filed did not state a cause of action, and that, as
amended, it states a new and separate cause of ac-
tion, and, as such, is barred by the statute of limi-

tations. Other questions were raised which will be hereafter referred to. This motion was granted, and the cause dismissed, from which the plaintiffs have taken this appeal.

Although stated somewhat imperfectly, we think the original declaration stated a cause of action. The form of the bond on such an appeal is prescribed by the statute (section 14987). Under the Circuit Court Rule then in force (No. 21, § 6), it was not necessary to attach a copy thereof to the declaration as an exhibit. While the claim for damages is not stated to be the rental value of the premises, it clearly appears that plaintiffs' claim is founded thereon.

Section 14118, 3 Comp. Laws 1929, reads as follows:

"In the actions which are in this act retained, the forms of declaration now in common use may be employed; but no declaration shall be deemed insufficient which shall contain such information as shall reasonably inform the defendant of the nature of the case he is called upon to defend."

Section 14144 reads:

"The court in which any action or proceedings shall be pending, shall have power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as shall be just, at any time before judgment or decree rendered therein. The court at every stage of the action or proceedings shall disregard any error or defect in the proceedings, which do not affect the substantial rights of the parties."

Under these provisions the common-law rules relating to pleadings have been applied with much less strictness. Counsel for the defendants rely on

*Delashman* v. *Berry,* 21 Mich. 516, in which it was held that a declaration in such a case must allege that the plaintiff obtained restitution of the premises. The rule thus stated was commented on, somewhat unfavorably, although not overruled, in *Holcomb* v. *Bonnell,* 32 Mich. 6, and in *Estey Manfg. Co.* v. *Runnels,* 67 Mich. 310. In a later case (*Grashaw* v. *Wilson,* 123 Mich. 364), it appeared that no writ of restitution was issued, but that there had been a voluntary surrender of possession, and recovery on the appeal bond was permitted. No proofs were submitted in this case, but from the statements of counsel which appear in the record it would seem that the writ of restitution issued was not executed for a similar reason.

As before stated, but one of the plaintiffs, Isaac August, was named as obligee in the bond. It was prepared by the attorney for the defendants, and through inadvertence the name of the other plaintiff was omitted. It was filed to stay proceedings upon the judgment rendered by the commissioner pursuant to the statute. While Ida August was not named as obligee therein, it inured to her benefit and may be enforced by her as well as by her husband. *Board of Education* v. *Grant,* 107 Mich. 151; *City of Alpena* v. *Title Guaranty, etc., Co.,* 158 Mich. 678; *City of Grand Rapids* v. *Krakowski,* 207 Mich. 483; *Vosburgh* v. *Middleditch,* 214 Mich. 489.

In the preparation of the bond the attorney for the defendants no doubt unintentionally omitted to insert therein the words "or the rental value thereof," as required by the statute. Its omission in no way changes the obligation of the sureties thereunder.

"Where a bond is given under the authority of a statute, that which is not expressed but should have

been incorporated, is included in the bond." *Chambers* v. *Cline* (syllabus), 60 W. Va. 588 (55 S. E. 999).

The purpose of the statutory requirement that a bond shall be given on such an appeal is to protect the plaintiff from loss due to the defendant's right to the use of the property pending decision thereon. This the defendants undertook to do by the execution of the bond in question. A fair consideration of the declaration first filed informed the defendants that, by reason of the result of the appeal taken by them, the plaintiffs had sustained damages by being deprived of the possession of the property for the term of 14 months. The amended declaration but tends to clarify the allegations in that first filed, and does not state a new cause of action.

The order of dismissal is reversed and set aside, with costs to appellants, and the cause remanded to the trial court for further proceedings.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.